610 S.E.2d 852

**John R. CHAPMAN and Cynthia S. Chapman, Respondents,**

v.

**UPSTATE RV & MARINE, d/b/a Holiday Kamper & Boats–
Piedmont and Tracker Marine, Inc., Defendants,**

**Of whom Upstate RV & Marine, d/b/a Holiday
Kamper & Boats–Piedmont is, Appellant.**

No. 3959.

Court of Appeals of South Carolina.

Heard Nov. 10, 2004.
Decided March 14, 2005.

Donald E. Rothwell, of Irmo, for Appellant.

Robert Scott Dover, of Pickens, for Respondents.

BEATTY, J.:

John R. Chapman and his wife, Cynthia S. Chapman, brought this action seeking damages for breach of contract, breach of express and implied warranties, and revocation of acceptance. The Chapmans sought costs and attorney's fees under the Magnuson–Moss Act. Upstate RV & Marine, d/b/a Holiday Kamper & Boats–Piedmont ("Holiday") appeals from the judgment awarding the Chapmans damages, costs, and attorney's fees.[1] We affirm.[2]

1. Holiday raised several issues on appeal, arguing the trial court erred in: (1) denying its motion for JNOV because the Chapmans failed to establish liability under warranty, damages caused by Holiday, or the right to revocation; (2) denying its motions for a new trial absolute or a new trial nisi remittitur where there was no evidence of the boat's value under the breach of warranty claim; (3) denying the motion for a new trial where the admission of a 2001 photograph of the boat was prejudicial; and (4) awarding attorney's fees where Holiday is not liable under the Magnuson–Moss warranty act. At oral argument, counsel for Holiday informed the court that Holiday was waiving all issues except the proof of damages on the breach of warranty claim. Accordingly, we address only Holiday's argument that the trial court erred in denying its motion for a new trial or new trial nisi remittitur in light of the Chapmans' failure to prove damages.

2. The Chapmans argue that Holiday's appeal was untimely because the substance of Holiday's Rule 59(e), SCRCP, motion was identical to its prior post-trial motions for a new trial absolute and new trial nisi remittitur. Thus, the Chapmans argue, the Rule 59(e) motion was

## FACTS

The Chapmans sought to purchase a thirty-two-foot house-boat of durable quality so that they could spend long week-ends with their family camping overnight at the lake. After speaking with a salesman from Holiday and reviewing a pamphlet, they selected a boat manufactured by Tracker Marine, Inc., and purchased it from Holiday for $42,524. The negotiated boat included several features the Chapmans want-ed: a rubberized mat on the roof for sunbathing; a cooking area with running water, a stove, grill, and table; a bathroom; sleeping quarters; a generator; a stereo; heating and air conditioning; an upgraded motor; and a three-axle trailer with guide rollers for ease in loading. The Chapmans' boat was delivered from Columbia to Holiday in Seneca on June 29, 1996. Upon inspection, Mr. Chapman noticed that the trailer did not have guide rollers, the boat was dented on the side, the lettering was coming off, the molding around the generator cover was coming off, the rubber mat on the roof had wood sticking through it, the bathroom door was scratched, the fender on the trailer was split, and the grill cover was cracked.

On July 1, 1996, the Chapmans attempted to take the boat to the lake for the first time. They realized the brakes on the trailer did not work properly, so they returned home. After having the brakes repaired, the Chapmans again attempted to use the boat. The Chapmans and their children became

---

actually a successive new trial motion and did not toll the time for filing the appeal. However, in deciding the post-trial motions, the trial court for the first time awarded the Chapmans attorney's fees under the Magnuson–Moss Act. Although Holiday's subsequent Rule 59(e) motion did address some issues it raised in its prior motion, it also raised an objection to the award of attorney's fees. Accordingly, Holiday's Rule 59(e) motion was not successive. Holiday timely filed its appeal after the order on the Rule 59(e) motion. *See* Rule 203(b)(1), SCACR (holding that the notice of appeal from a civil judgment must be served upon all respondents within thirty days after receipt of written notice of entry of judgment, and a timely motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP, will toll the time for an appeal until receipt of written notice of entry of order granting or denying the motion); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 21, 602 S.E.2d 772, 778 (2004) (holding that a party "usually is free to file an initial Rule 59(e) motion, regardless of whether the previous JNOV/new trial mo-tions were made orally or in writing, without unnecessary concern the repetition of an issue or argument made in a previous motion will result in a subsequent appeal being dismissed as untimely").

stranded on the lake overnight when the generator and battery failed. During that time, the carbon monoxide alarm went off and the children were soaked with rain because the canvas tent over the sleeping quarters leaked. Because the trailer did not have guide rollers, Mr. Chapman had to get into the water behind the boat and maneuver it onto the trailer when they wanted to leave.

The Chapmans also noticed numerous other defects and examples of poor workmanship. Some of the problems included poor sealing in the engine, a missing trim gauge on the motor, a cracked speaker cover, a leak in the sink, missing snaps on the canvas cover, a screen door which fell off, and a malfunctioning horn. The boat was taken to Holiday for repairs. However, when the Chapmans received the boat a month later in mid-August 1996, many of the problems were not fixed. The Chapmans took the boat out just two times after that.

The Chapmans took their boat to Holiday's Seneca store in November or December 1996 for repairs. Because the Seneca store was closing, the Chapmans had to transport the boat to the Greenville store on January 16, 1997. The Chapmans were told the parts were purchased to make the necessary repairs. They checked on the progress of the boat every month thereafter. On June 19, 1997, the Chapmans were informed they could pick up their boat. When they arrived, a Holiday employee informed them that they had been misled, that the boat had not been repaired, and that the parts to repair the boat had been ordered.

The Chapmans intended to return the boat to Holiday at that time. However, Doris Vaughn, the new service manager for Holiday, persuaded them to allow the boat to be fixed and she would make sure it was done no later than the Chapmans' next long weekend, which was July 16, 1997. The Chapmans returned the following day to see if work had begun on the repairs. When they arrived a worker was painting the roof where the rubberized mat had previously been. Mr. Chapman refused to accept a painted surface, instead demanding a new mat so the deck could be used as intended.

Unfortunately, when they arrived on July 16, 1997, the boat was not repaired. The horn was disassembled; the molding

was not repaired; the rubberized mat on the roof was not replaced; the canvas top was not repaired; the door had not been repaired; and there were no rollers on the trailer for loading the boat. The Chapmans informed Holiday of their intention to revoke acceptance of the boat.

In May 1999, the Chapmans instituted this action for breach of express and implied warranties and for revocation of acceptance. At trial, Mr. and Mrs. Chapman testified regarding the boat's numerous defects and their attempts to have them fixed. Mr. Chapman testified that the value of the boat without defects was the purchase price, or $42,524, and he would not have paid that price if he had known about the defects. Mrs. Chapman testified the boat was worth no more than $15,000 at the time of revocation in July 1997. She testified at trial that she would not "give $2,000" for the boat because of the neglect and damage done since it was returned to Holiday's possession.

Charles Long, an employee of Tracker, testified regarding the boat's value. He stated the NADA Guidebook's low retail value for the boat was $15,300, and the average retail value was $19,850. He testified the trailer separately had a low retail value of $3,450 and an average retail value of $4,015. On cross-examination, Long opined the boat was worth $21,585 given its condition in 2001.

The jury returned a verdict in favor of the Chapmans on both their breach of warranty and revocation of acceptance claims. The jury found Holiday was the only defendant liable on either claim. On the breach of warranty claim, the jury awarded $22,324. The jury awarded $48,000 on the revocation of acceptance claim.

Holiday filed post-trial motions for judgment notwithstanding the verdict (JNOV), new trial absolute, new trial nisi remittitur, and to require the Chapmans to elect their remedy. The Chapmans filed to collect attorney's fees under the Magnuson–Moss Act, 15 U.S.C.A. § 2310(d) (1998). The trial judge denied the motions for JNOV and new trial absolute. The judge granted the motion for new trial nisi remittitur as to the revocation of acceptance claim, and reduced the verdict to $45,000. The Chapman's were awarded $20,957.69 in attorney's fees and costs on their breach of warranty claim under

the Magnuson–Moss Act and were required to elect between their remedies.

Holiday filed a motion pursuant to Rule 59(e), SCRCP to alter or amend the judgment. The motion restated the same arguments made in their previous JNOV and new trial motions. Additionally, Holiday sought to further reduce the award under the revocation of acceptance claim and to reverse the award of attorney's fees. The motion was denied. The Chapmans elected to recover under their breach of warranty claim. This appeal follows.

## LAW/ANALYSIS

Holiday contends the trial judge erred in failing to grant its motions for a new trial absolute or, in the alternative, for a new trial nisi remittitur. Holiday contends the Chapmans failed to properly prove damages under the breach of warranty claim because they offered no proof of the value of the boat as accepted. We disagree.

■ Initially, we note this issue is not preserved. Holiday raised the damages issue in its directed verdict motion; however, the issue was raised in the context of causation. Specifically, Holiday argued that it had done nothing wrong and any damages were due to a defective product manufactured by Tracker Marine, Inc., its co-defendant. In its directed verdict motion, Holiday never questioned the existence of damages nor the measure of damages. Failure to raise the issue that is now on appeal in the directed verdict motion bars review on appeal. *See In re McCracken*, 346 S.C. 87, 93, 551 S.E.2d 235, 238 (2001) (noting that since only issues raised in the directed verdict motion may be raised in the JNOV motion, motions newly raised in the JNOV motion were not preserved for review); *Roland v. Palmetto Hills*, 308 S.C. 283, 286, 417 S.E.2d 626, 628 (Ct.App.1992) ("A motion for judgment notwithstanding the verdict is a renewal of the directed verdict motion and cannot raise grounds beyond those raised in the directed verdict."). Accordingly, this issue is not preserved for appellate review.

■ In any event, even if the issue were preserved, we find Holiday's appeal to be without merit. "The grant or

denial of new trial motions rests within the discretion of the trial judge and his decision will not be disturbed on appeal unless his findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law." *Vinson v. Hartley*, 324 S.C. 389, 405, 477 S.E.2d 715, 723 (Ct.App. 1996).

> The trial judge must grant a new trial absolute if the amount of the verdict is grossly inadequate or excessive so as to shock the conscience of the court and clearly indicates the figure reached was the result of passion, caprice, prejudice, partiality, corruption or some other improper motives ... The failure of the trial judge to grant a new trial absolute in this situation amounts to an abuse of discretion and on appeal this Court will grant a new trial absolute.

*Vinson*, 324 S.C. at 404–05, 477 S.E.2d at 723. "Alternatively, the trial court may grant a new trial absolute when, sitting as the thirteenth juror, it concludes the jury's verdict is not supported by the evidence." *Duncan v. Hampton Co. Sch. Dist. No. 2*, 335 S.C. 535, 547, 517 S.E.2d 449, 455 (Ct.App. 1999). However, substantial deference should be given to a jury's determination of damages. *Knoke v. South Carolina Dep't of Parks, Recreation & Tourism*, 324 S.C. 136, 141, 478 S.E.2d 256, 258 (1996).

 "The trial judge alone has the power to grant a new trial nisi when he finds the amount of the verdict to be merely inadequate or excessive...." *McCourt by & Through McCourt v. Abernathy*, 318 S.C. 301, 308, 457 S.E.2d 603, 607 (1995). Compelling reasons, however, must be given to justify invading the jury's province in this manner. *Pelican Bldg. Ctrs. v. Dutton*, 311 S.C. 56, 61, 427 S.E.2d 673, 676 (1993). Whether to deny a motion for a new trial nisi is a matter within the trial judge's discretion and will not be reversed on appeal absent an abuse of discretion amounting to an error of law. *Vinson*, 324 S.C. at 406, 477 S.E.2d at 723–24.

 In a breach of warranty action, the measure of damages is "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." S.C.Code Ann. § 36–2–714(2) (2003). The absence

of proof of one of these values normally bars recovery and warrants the granting of a new trial. *See Ellison v. Heritage Dodge*, 283 S.C. 21, 26, 320 S.E.2d 716, 718–19 (Ct.App.1984) (affirming the trial judge's grant of an involuntary nonsuit in a breach of warranty action where the plaintiff failed to prove the fair market value of a van in its defective condition at the time the plaintiff returned the vehicle to the secured creditor). However, our courts have upheld jury verdicts where evidence existed from which the jury could determine the value of the goods in their defective condition. *Draffin v. Chrysler Motors Corp.*, 252 S.C. 348, 351, 166 S.E.2d 305, 307 (1969) (holding that although there was no direct testimony by the plaintiff regarding the value of the automobile in its defective condition, testimony from the plaintiff, his wife, and his son regarding the defects and evidence regarding the resale value of the automobile were sufficient to enable the jury to arrive at the value in its defective condition); *Durant v. Palmetto Chevrolet, Inc.*, 241 S.C. 508, 515, 129 S.E.2d 323, 326 (1963) (holding that evidence of a trade-in value of a defective car, testimony regarding the numerous defects with the car, and evidence regarding numerous attempts to repair the car, were sufficient to support the jury's verdict in favor of the plaintiff, despite the lack of opinion evidence regarding the car's value on the date of sale).

█ The basis of Holiday's argument on appeal is that the Chapmans offered insufficient proof of a necessary element of their claim—the value of the boat at the time they received it in the condition it was received. Holiday contends Mrs. Chapman's testimony that the boat was only worth $15,000 one year after the date of receipt was insufficient evidence of the value of the boat when it was received; thus, there was no evidence to support the jury's award.

As in *Draffin* and *Durant,* we find the evidence was "sufficient to enable the jury to arrive at the fair market value" of the boat in its defective condition. *Ellison,* 283 S.C. at 25, 320 S.E.2d at 718. The Chapmans returned the boat to Holiday for repairs from mid-July 1996 to mid-August 1996 and from November or December 1996 until transferring it to the Greenville store in January 1997, where it stayed until the Chapmans revoked acceptance in July 1997. Thus, at most, the boat was in the Chapmans' possession for only five

months, during which time the boat was only used on two occasions. Holiday, by contrast, had possession of the boat approximately eight months prior to revocation. Because the boat was used so infrequently, it was in the Chapman's possession for such a short time, and Holiday failed to make the necessary repairs by the time of revocation, the jury could reasonably have concluded that the valuation from the time of revocation would also apply to the value of the boat at the time of acceptance.

■ Further, the Chapmans testified at length about the numerous problems caused by the defects, including being stranded on the lake with their young children, and about the numerous times they were promised by Holiday that the boat would be repaired. Mrs. Chapman valued the boat at the time they revoked acceptance at $15,000. Tracker's expert, Long, gave several 2001 NADA values for the boat and trailer combined, ranging from $18,750 to $23,865. Long also testified that it was his opinion that the boat was worth $21,585 in 2001. The jury awarded $22,324 in damages, indicating they believed that was the difference between the value of the boat as warranted and the boat as received in its defective condition. To arrive at that damages figure, the jury had to value the boat in its defective condition at approximately $20,000. The testimony regarding the boat's value at the time of revocation, the numerous defects, and the failed attempts to get it repaired was evidence from which the jury could determine the value of the boat at the time of acceptance. The jury's award is clearly within the range of that evidence.

We cannot say the amount awarded shocks the conscience of this court, nor do we find it merely excessive given the facts and circumstances of this case. Accordingly, we find no abuse of discretion in the trial court's denial of Holiday's motions for a new trial absolute or a new trial nisi remittitur.

## CONCLUSION

Evidence was presented at trial from which the jury could determine the value of the boat in its defective condition. Thus, we find the trial judge did not abuse his discretion in denying Holiday's motions for a new trial absolute or a new

trial nisi remittitur as to the damages awarded on the warranty claim. Accordingly, the decision of the trial judge is **AFFIRMED.**

HUFF, and KITTREDGE, JJ., concur.