654 S.E.2d 877

**Jodi HOWARD, Respondent,**

v.

**Calvin ROBERSON and Troy Lawhorn, Defendants,**

**of whom Calvin Roberson is, Appellant.**

No. 4326.

Court of Appeals of South Carolina.

Heard Dec. 13, 2007.

Decided Dec. 20, 2007.

144

William Bailey Woods, of Lexington, for Appellant.

Gary Walton Popwell, Jr., of Columbia, for Respondent.

Robert A. McKenzie and Gary H. Johnson, II, of Columbia, Amicus Curiae for Troy Lawhorn.

ANDERSON, J.:

This civil action involves Jodi Howard's claim for damages for injuries sustained in an automobile accident against defendants Calvin Roberson and Troy Lawhorn. The trial court directed a verdict in Howard's favor on liability. A jury found Roberson liable and awarded Howard damages for medical expenses and lost wages only. Howard moved for new trial *nisi additur* and the trial court granted a new trial on the issue of damages alone against Roberson based on the thirteenth juror doctrine. We affirm in part, reverse in part, and remand.

## FACTUAL/PROCEDURAL BACKGROUND

On the night of August 23, 2003, Roberson and Lawhorn were driving in the same traffic lane on Highway 70. Lawhorn's pickup truck was in front of a van driven by an unknown driver, and Roberson followed behind the van. Roberson attempted to pass the van in front of his vehicle. At the same time, Lawhorn slowed and began to make a left turn onto a public road. The vehicles driven by Roberson and Lawhorn collided, injuring Howard, a passenger in Lawhorn's truck. Howard initiated this action against Roberson and Lawhorn to recover damages for his injuries.

At the close of the defendants' case, Howard moved for a directed verdict on the issue of negligence against Roberson for violation of section 56-5-1880 of the South Carolina Code (2006). Section 56-5-1880(a)(2) prohibits vehicles from driving on the left side of a roadway "[w]hen approaching within one hundred feet of or traversing any intersection." The trial court granted Howard's motion for directed verdict but not against Roberson alone. Instead, the trial court granted the motion finding, "There is evidence of negligence on both or one of the defendants." The trial court later instructed the jury, "[Y]ou may find against the Defendant, Mr. Roberson, or you may find against the Defendant, Mr. Lawhorn, or you can find against both of them. You can find against one of the two or you can find against both."

During deliberation, the jury asked the trial court if they could apportion seventy-five percent of the fault to Roberson and twenty-five percent to Lawhorn. The trial court explained the jury could not assign fault in that manner. Neither party raised this issue on appeal. The jury found only Roberson negligent and awarded Howard $7,672.47 in actual damages for medical expenses and lost wages. The award did not reflect inclusion of pain and suffering. Howard moved for a new trial *nisi additur*, stating the jury apparently ignored the law as it related to pain and suffering. The trial court took the matter under advisement and, in a form order, granted Howard a new trial solely on the issue of damages based on the thirteenth juror doctrine. In its subsequent written order the trial court ruled the jury's findings regarding pain and suffering were "contrary to the fair preponderance of the evidence [and] . . . [t]he Plaintiff suffered obvious injuries which obviously had to be painful."

## ISSUES

1. Did the trial court err in directing a verdict in Howard's favor on the issue of liability?

2. Did the trial court err in granting Howard a new trial on damages based on the thirteenth juror doctrine?

## STANDARD OF REVIEW

When reviewing a trial court's ruling on a directed verdict, this court will reverse if no evidence supports the trial

court's decision or the ruling is controlled by an error of law. *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 434–35, 629 S.E.2d 642, 648 (2006); *McMillan v. Oconee Mem'l Hosp., Inc.*, 367 S.C. 559, 564, 626 S.E.2d 884, 886 (2006). The appellate court must determine whether a verdict for the party opposing the motion would be reasonably possible under the facts as liberally construed in his or her favor. *Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 509 (2006); *Erickson v. Jones St. Publishers, L.L.C.*, 368 S.C. 444, 463, 629 S.E.2d 653, 663 (2006). If the evidence as a whole is susceptible to more than one reasonable inference, a jury issue is created and the motion should be denied. *Proctor v. Dep't of Health and Envtl. Control*, 368 S.C. 279, 292, 628 S.E.2d 496, 503 (Ct.App. 2006). A motion for directed verdict goes to the entire case and may be granted only when the evidence raises no issue for the jury as to liability. *The Huffines Co., LLC v. Lockhart*, 365 S.C. 178, 187, 617 S.E.2d 125, 129 (Ct.App.2005). When considering directed verdict motions, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence. *Wright v. Craft*, 372 S.C. 1, 19, 640 S.E.2d 486, 496 (Ct.App. 2006) (citing *Erickson*, 368 S.C. at 463, 629 S.E.2d at 663).

 "The grant or denial of new trial motions rests within the discretion of the trial judge and his decision will not be disturbed on appeal unless his findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law." *Chapman v. Upstate RV & Marine*, 364 S.C. 82, 88–89 610 S.E.2d 852, 856 (Ct.App.2005) (citing *Vinson v. Hartley*, 324 S.C. 389, 405, 477 S.E.2d 715, 723 (Ct.App.1996)); *Trivelas v. S.C. Dep't of Transp.*, 357 S.C. 545, 553, 593 S.E.2d 504, 508 (Ct.App.2004). An appellate court may only reverse a trial court's decision regarding a new trial *nisi* if the trial court abused its discretion in deciding a motion for new trial *nisi additur* to the extent an error of law results. *Green v. Fritz*, 356 S.C. 566, 570, 590 S.E.2d 39, 41 (Ct.App. 2003).

## *LAW/ANALYSIS*

### I. Directed Verdict Motion

 Roberson argues the trial court erred in granting Howard a directed verdict motion. Specifically, Roberson

contends because Howard made a motion for a directed verdict against Roberson alone, the trial court erred in granting the motion holding either Roberson or Lawhorn or both drivers negligent. We disagree.

■ When evidence presented at trial yields only one conclusion concerning liability, a trial court may properly grant a motion for directed verdict. *See Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374 S.C. 483, 490, 649 S.E.2d 494, 497 (Ct.App.2007) (citing *Carolina Home Builders, Inc. v. Armstrong Furnace Co.*, 259 S.C. 346, 358, 191 S.E.2d 774, 779 (1972)). *See also Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 469, 476–77, 514 S.E.2d 126, 130 (1999) ("When the evidence yields only one inference, a directed verdict in favor of the moving party is proper."). In considering a motion for directed verdict, the trial court must view the evidence and inferences that can be drawn from it in the light most favorable to the non-moving party. *Doe v. ATC, Inc.*, 367 S.C. 199, 204, 624 S.E.2d 447, 449 (Ct.App.2005); (citing *Sabb v. S.C. State Univ.*, 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002)). So long as no more than one inference is created from the evidence presented, a jury issue is not created, and the trial court is proper in directing a verdict. *Henson v. Int'l Paper Co.*, 358 S.C. 133, 147, 594 S.E.2d 499, 506 (Ct.App. 2004) (holding where the evidence is susceptible of more than one reasonable inference, a jury issue is created and the court may not grant a directed verdict).

In the case *sub judice*, Roberson and Lawhorn each owed a duty to other drivers and passengers like Howard when operating their respective vehicles. Pursuant to section 56–5–2150 of the South Carolina Code (2006), Lawhorn had a duty to turn his vehicle safely and use the appropriate turn signal when making a left turn onto a roadway. Specifically, section 56–5–2150(a) provides, "No person shall turn a vehicle or move right or left upon a roadway unless and until such movement can be made with reasonable safety nor without giving an appropriate signal as provided for in this section." Additionally, section 56–5–2150(b) mandates, "A signal of intention to turn or move right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning." Accordingly, the law compelled Lawhorn to signal and turn safely.

Likewise, Roberson owed a duty pursuant to section 56–5–1880 of the South Carolina Code (2006) not to pass other vehicles within one hundred feet of an intersection. The trial court defined "intersection" as "[t]he junction of an unimproved road publicly maintained with a paved highway." *See Carma v. Swindler,* 228 S.C. 550, 557, 91 S.E.2d 254, 258 (1956); *see also* S.C.Code Ann. § 56–5–490 (2006). Furthermore, "The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle." S.C.Code Ann. § 56–5–1840(1) (2006). South Carolina jurisprudence required Roberson to abide by these statutes as he passed the van on the night of the accident. Finally, both Roberson and Lawhorn were required to drive their automobiles at a safe and reasonable speed under the conditions existing at the time of the accident. S.C.Code Ann. § 56–5–1520 (2006). Whether Lawhorn and Roberson complied with these laws created a question for the jury.

In granting Howard's motion for a directed verdict, the trial court found either Roberson, or Lawhorn, or both, breached at least one duty on the night of the accident. The effect of the court's decision left the issue of who was liable open for determination by the trier of fact. The jury's task was to decide which driver, if not both, was at fault and to calculate damages.

The trial court properly directed a verdict for Howard on the issue of liability. The evidence presented at trial yielded only one conclusion—that the negligence of at least one driver, if not both, resulted in the accident causing Howard's injuries. The trial court did not err in granting a directed verdict on the issue of liability.

## II. New Trial on Issue of Damages

### A. Thirteenth Juror Doctrine

Roberson contends the trial court erred in granting a new trial solely on the issue of damages pursuant to the thirteenth juror doctrine. We agree.

The following excerpt from *Vinson v. Hartley*, 324 S.C. 389, 477 S.E.2d 715 (Ct.App.1996) outlines South Carolina jurisprudential history concerning the thirteenth juror doctrine:

The seminal case stating the "thirteenth juror" doctrine is *Worrell v. South Carolina Power Co.*, 186 S.C. 306, 195 S.E. 638 (1938). Worrell states:

Nor does it follow that because under the law the trial judge is compelled to submit the issues to the jury, he cannot grant a new trial absolute. As has often been said, the trial judge is the thirteenth juror, possessing the veto power to the Nth degree, and, it must be presumed, recognizes and appreciates his responsibility, and exercises the discretion vested in him with fairness and impartiality. *Worrell,* 186 S.C. at 313–14, 195 S.E. at 641.

A review of the "thirteenth juror" doctrine was undertaken by the appellate entity in *Folkens v. Hunt*, 300 S.C. 251, 387 S.E.2d 265 (1990):

This Court has had an opportunity to reconsider the thirteenth juror doctrine on several occasions. Each time we have refused to abolish the doctrine. We have also refused to require trial judges to explain the reasons for the ruling. The thirteenth juror doctrine is a vehicle by which the trial court may grant a new trial absolute when he finds that the evidence does not justify the verdict. This ruling has also been termed granting a new trial upon the facts. The effect is the same as if the jury failed to reach a verdict. The judge as the thirteenth juror "hangs" the jury. When a jury fails to reach a verdict, a new trial is ordered. Neither judge nor the jury is required to give reasons for this outcome. Similarly, because the result of the "thirteenth juror" vote by the judge is a new trial rather than an adjustment to the verdict, no purpose would be served by requiring the trial judge to make factual findings.

A trial judge's order granting or denying a new trial upon the facts will not be disturbed unless his decision is wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law. When an order granting a new trial is before this Court, our review is limited to the consideration of whether evidence exists to support the trial court's order.

*Folkens,* 300 S.C. at 254–55, 387 S.E.2d at 267 (citations omitted).

The trial judge, sitting as the thirteenth juror charged with the duty of seeing that justice is done, has the authority to grant new trials when he is convinced that a new trial is necessitated on the basis of the facts in the case. *Graham v. Whitaker,* 282 S.C. 393, 321 S.E.2d 40 (1984). Traditionally, in South Carolina, circuit court judges have the authority to grant a new trial upon the judge's finding that justice has not prevailed. *Todd v. Owen Indus. Prods., Inc.,* 315 S.C. 34, 431 S.E.2d 596 (Ct.App.1993). Similarly, the judge may grant a new trial if the verdict is inconsistent and reflects the jury's confusion. *Johnson v. Parker,* 279 S.C. 132, 303 S.E.2d 95 (1983). *See also Johnson v. Hoechst Celanese Corp.,* 317 S.C. 415, 453 S.E.2d 908 (Ct.App.1995) (under "thirteenth juror doctrine," trial court may grant new trial if judge believes verdict is unsupported by evidence and, similarly, new trial may be granted if verdict is inconsistent and reflects jury's confusion).

324 S.C. at 402, 477 S.E.2d at 722.

In *Norton v. North S. Ry. Co.,* 350 S.C. 473, 478, 567 S.E.2d 851, 854 (2002), the South Carolina Supreme Court explained, "the thirteenth juror doctrine is so named because it entitles a trial court to sit, in essence, as the thirteenth juror when [it] finds 'the evidence does not justify the verdict,' and then to grant a new trial based solely 'upon the facts.' " (citing *Folkens v. Hunt,* 300 S.C. 251, 387 S.E.2d 265 (1990)). The supreme court further held, "[T]he result of the 'thirteenth juror' vote by the judge is a new trial rather than an adjustment to the verdict. . . ." *Norton,* 350 S.C. at 478, 567 S.E.2d at 854. In essence, the judge, as the thirteenth juror, can hang the jury and start the trial anew.

Our supreme court recently affirmed a court of appeals' decision upholding the grant of a new trial absolute under the thirteenth juror doctrine. *Trivelas v. S.C. Dep't of Transp.,* 357 S.C. 545, 551–52, 593 S.E.2d 504, 508 (2004). The supreme court reasoned the grant was warranted because justice was not served by the jury's verdict, and the evidence did not justify the result. *Id.* at 552, 593 S.E.2d at 508. The *Trivelas* court held granting a new trial under the thirteenth

juror doctrine has the same effect as if the jury failed to reach a verdict, and the trial court is not required to give reasons for granting a new trial. *Id.* at 553, 593 S.E.2d at 508 (citing *Folkens,* 300 S.C. at 254, 387 S.E.2d at 267).

"The 'thirteenth juror' doctrine is not used when the trial judge has found the verdict was inadequate or unduly liberal and, therefore, is not a vehicle to grant a new trial *nisi additur.*" *Bailey v. Peacock,* 318 S.C. 13, 14–15, 455 S.E.2d 690, 692 (1995); *see also Pinckney v. Winn–Dixie Stores, Inc.,* 311 S.C. 1, 4–5, 426 S.E.2d 327, 329 (Ct.App.1992).

### B. New Trial Absolute and New Trial *Nisi Additur*

A trial court may grant a new trial absolute on the ground that the verdict is excessive or inadequate. *Stevens v. Allen,* 336 S.C. 439, 447, 520 S.E.2d 625, 629 (Ct.App.1999) *aff'd by* 342 S.C. 47, 536 S.E.2d 663 (2000) (citing *Vinson v. Hartley,* 324 S.C. 389, 404, 477 S.E.2d 715, 723 (Ct.App.1996)). Additionally, a new trial is warranted if the verdict is inconsistent. *See Rush v. Blanchard,* 310 S.C. 375, 426 S.E.2d 802 (1993). The jury's determination of damages, however, is entitled to substantial deference. *Id.* The trial judge must grant a new trial absolute if the amount of the verdict is grossly inadequate or excessive so as to shock the conscience of the court and clearly indicates the figure reached was the result of passion, caprice, prejudice, partiality, corruption or some other improper motives. *See Cock–N–Bull Steak House, Inc. v. Generali Ins. Co.,* 321 S.C. 1, 466 S.E.2d 727 (1996); *McCourt by and Through McCourt v. Abernathy,* 318 S.C. 301, 457 S.E.2d 603 (1995); *Allstate Ins. Co. v. Durham,* 314 S.C. 529, 431 S.E.2d 557 (1993). The failure of the trial judge to grant a new trial absolute in this situation amounts to an abuse of discretion and on appeal this court will grant a new trial absolute. *Stevens,* 336 S.C. at 452, 520 S.E.2d at 631.

Alternatively, the trial court may grant a new trial *nisi additur* or *remittitur* when it finds the verdict is merely inadequate or excessive. *Id.* "[T]he trial judge must distinguish between awards that are merely unduly liberal or conservative and awards that are actuated by passion, caprice or prejudice." *Id.* (citing *Allstate Ins. Co.,* 314 S.C. at 530, 431 S.E.2d at 558). A new trial *nisi* is one in which a new trial

will be granted unless the party opposing it complies with conditions set by the court. *Elliott v. Black River Elec. Coop.*, 233 S.C. 233, 104 S.E.2d 357, 372 (1958). "A motion for a new trial *nisi* because of excessiveness of the verdict contemplates not the striking down of the verdict in toto, but remission of part of it and the granting of a new trial in default thereof." *Id.* The trial court essentially gives the party against whom damages are assessed the option, by way of *additur* or *remittitur*, of avoiding a new trial.

■ The granting of a motion for new trial *nisi additur* or *remittitur* rests within the sound discretion of the trial court, but substantial deference must be afforded to the jury's determination of damages. *Green v. Fritz*, 356 S.C. 566, 570, 590 S.E.2d 39, 41 (Ct.App.2003). Compelling reasons must be given to justify invading the jury's province in this manner. *Chapman v. Upstate RV & Marine*, 364 S.C. 82, 89, 610 S.E.2d 852, 856 (Ct.App.2005) (citing *Pelican Bldg. Ctrs. v. Dutton*, 311 S.C. 56, 61, 427 S.E.2d 673, 676 (1993)).

In summary, the court of appeals in *Proctor v. Dep't of Health & Envtl. Control*, offers an explanation of this process in gargantuan detail:

A new trial *nisi* is one in which a new trial will be granted unless the party opposing it complies with a condition set by the court. The grant or denial of new trial motions rests within the discretion of the trial judge, and his decision will not be disturbed on appeal unless his findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law. The trial court alone has the power to grant a new trial *nisi* when he finds the amount of the verdict to be merely inadequate or excessive. However, compelling reasons must be given to justify invading the jury's province by granting a new trial *nisi* [*additur* or] *remittitur*. The consideration for a motion for a new trial *nisi* [*additur* or] remittitur requires the trial judge to consider the adequacy of the verdict in light of the evidence presented. Great deference is given to the trial judge who heard the evidence and is more familiar with the evidentiary atmosphere at trial, and who thus possesses a better-informed view of the damages than this Court. When considering a motion for a new trial based on the inadequacy or

excessiveness of the jury's verdict, the trial court must distinguish between awards that are merely unduly liberal or conservative and awards that are actuated by passion, caprice, or prejudice. If the amount of the verdict is grossly inadequate or excessive so as to be the result of passion, caprice, prejudice, or some other influence outside the evidence, the trial judge must grant a new trial absolute.

368 S.C. 279, 319–21, 628 S.E.2d 496, 518 (Ct.App.2006) (internal citations and quotation marks omitted).

## C. A Procedural Conundrum

We address the equivocality extant in this record. The only motion posited by Howard was a motion for a new trial *nisi additur*. The record reveals this with certitude:

On behalf of the Plaintiff, I would make a motion for a new trial *nisi additur*. Obviously the jury gave a verdict for the exact amount of the medical expenses, chiropractic expenses, and wage loss. They obviously ignored your charge as to pain and suffering. If all the medical expenses and wage loss were justified, then how can the pain and suffering which necessitated the medical expenses not be compensable? They ignored the law as it relates to pain and suffering obviously.

The trial court failed to rule on Howard's motion for a new trial *nisi additur*. The circuit judge granted a new trial on damages alone based on the thirteenth juror doctrine.

Our precedent firmly establishes the grant of a new trial based on the thirteenth juror doctrine grants a new trial in toto. The thirteenth juror doctrine is not the proper vehicle for ordering a new trial on a singular issue such as damages. Therefore, the trial court erred in granting a new trial solely on damages based on the thirteenth juror doctrine.

Though Howard was entitled to a directed verdict in his favor on the issue of liability, the directed verdict did not specifically hold Roberson liable to Howard. Moreover, Roberson did not appeal the jury's finding that Lawhorn was not liable and Lawhorn was not made a party to this appeal. The determination that Lawhorn was not liable is now the law of the case. *First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 566, 511 S.E.2d 372, 378 (Ct.App.1998) ("The unchal-

lenged ruling, right or wrong, is the law of the case and requires affirmance.")

Consequently, we remand this case back to the trial court to rule on Howard's new trial *nisi additur* motion. Roberson must comply with the trial court's order regarding *additur* to avoid a new trial as the sole defendant.

## CONCLUSION

The trial court properly granted Howard's motion for directed verdict. However, the trial court erred by granting a new trial on the issue of damages alone against Roberson under the thirteenth juror doctrine. Procedurally, the trial court cannot use the doctrine as a vehicle to grant a plaintiff a new trial on the issue of damages alone. Instead, the trial court should have ruled on Howard's motion for new trial *nisi additur*, and in its discretion, increased damages for pain and suffering. At that juncture, the opposing party must be given the option to comply with the *additur* or be granted a new trial absolute. If the option utilized by the opposing party in contradistinction to the *nisi additur* is a new trial absolute, then and in that event only, the new trial absolute is against Roberson because Lawhorn has been eliminated from this case as a matter of law. Accordingly, the trial court's order is

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

SHORT and WILLIAMS, JJ. concur.