THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Janice
 Manigault, Appellant,
 v.
 Charles Howard
 Manigault, Respondent.
 
 
 

Appeal from Charleston County
Jocelyn B. Cate, Family Court Judge
Unpublished Opinion No. 2008-UP-221
Submitted April 1, 2008  Filed April 11, 2008
AFFIRMED

 
 
 
 Veronica G. Small, of North Charleston, for Appellant.
 Gregory Forman, of Charleston, for Respondent.
 
 
 

PER
 CURIAM:  Janice Manigault (Wife)
 appeals the family courts denial of her motion to reconsider reopening her
 divorce action against Charles Howard Manigault (Husband). We affirm.[1]
FACTS
On August 27, 2002,
 Wife brought an action for divorce and equitable distribution from Husband on
 the basis of adultery, after twenty-seven years of marriage.  Husband retained
 counsel, and on November 15, 2002, filed an answer and counter-claim,
 requesting an equitable distribution of the marital assets.
At a pretrial
 hearing held August 30, 2005, the parties were instructed to enter into
 mediation prior to trial and trial date was set for January 5, 2006.  While
 Husbands counsel attended the pretrial hearing, Husband was not present.  On
 December 12, 2005, Husbands counsel filed an ex-parte motion and order to be
 relieved as Husbands counsel.  Mediation took place December 29, 2005, seventeen
 days after Husbands counsels motion to be relieved as counsel was granted.  Nevertheless,
 the parties reached an agreement during mediation.  This agreement was reduced
 to writing by the mediator in a letter, but not signed by either party. 
 Husband and Wife anticipated this letter would be published and approved by the
 family court at the final hearing.
Husband failed to
 appear at the final hearing, and did not request a continuance.  Wife informed
 the family court an agreement was reached at mediation, but did not inform the
 court the agreement was memorialized in a letter by the mediator.  Instead, the
 Wife went forward with the trial in Husbands absence.
Husband was served
 by mail the final order and decree of divorce, and subsequently filed a notice
 of motion and motion pursuant to Rule 59, SCRCP, to vacate the final order and
 decree.  A hearing on Husbands motion was held June 12, 2006, and the record
 was left open to receive an affidavit from Husbands original counsel.  On July
 28, 2006, the family court granted Husbands motion to vacate and reopen the
 case, stating:

 After
 reviewing the file, the affidavits submitted and hearing argument of counsel,
 this court issues the following order:
 
 
 1.
 This court grants [Husbands] motion to vacate the 
 final order and reopen the case.  The court does this because 
 although the court was informed at the January 5, 2006 [sic] final 
 hearing that the parties may have reached a mediated agreement, it 
 was not revealed that there was a December 29, 2005 [sic] letter 
 from the mediator, Kathleen Moraska Ferri memorializing the terms of the Agreement.  Had the court
 been informed of this, it would have briefly stayed the proceedings in an
 attempt to locate [Husband] and determine if the mediated agreement was in fact
 the parties agreement.  It was further represented to the Court by [Wifes]
 counsel that she in fact hoped that the mediated agreement would be placed on
 the record that day.
 
 
 
 2. 
 If the parties are willing to have the mediated 
 agreement become the final order of the court, they may set a 
 hearing to have that agreement approved.
 
 
 
 3.
 If either party is unwilling to have the mediated 
 agreement become the final order of the court, this matter shall be 
 set for an expedited pre-trial to set this matter for trial.
 
 

Wife
 filed a motion to reconsider the order to reopen and to allow the final order
 and decree of divorce to remain in full force and effect, alleging there was no
 legal basis for granting a new trial.  The family court denied Wifes motion to
 reconsider. 
DISCUSSION
Wife
 contends the family court erred by denying her motion to reconsider its grant
 of Husbands motion to vacate the final order and reopen the case.  We
 disagree.
We
 will reverse the family courts granting of a new trial only where the grant
 constituted an abuse of discretion amounting to an error of law.  Blejski
 v. Blejski, 325 S.C. 491, 497, 480 S.E.2d 462, 466 (Ct. App. 1997); Howard
 v. Roberson, ___ S.C. ___, 654 S.E.2d 877, 880 (Ct. App. 2007) (The grant
 or denial of new trial motions rests within the discretion of the trial judge
 and his discretion will not be disturbed on appeal unless his findings are
 wholly unsupported by the evidence or the conclusions reached are controlled by
 error of law.) (quoting Chapman v. Upstate RV & Marine, 364 S.C.
 82, 88-89, 610 S.E.2d 852, 856 (Ct. App. 2005) (citing Vinson v. Harley,
 324 S.C. 389, 405, 477 S.E.2d 715, 723 (Ct. App. 1996))); Trivelas v. S.C.
 Dept of Transp., 357 S.C. 545, 553, 593 S.E.2d 504, 508 (Ct. App. 2004); Henson
 v. Intl Paper Co., 358 S.C. 133, 146, 594 S.E.2d 499, 506 (Ct. App. 2004)
 (Anderson, J., concurring in part and dissenting in part) (quoting Stevens
 v. Allen, 336 S.C. 439, 446, 520 S.E.2d 625, 628-629 (Ct. App. 1999)
 (citing Vinson v. Hartley, 324 S.C. 389, 404, 477 S.E.2d 715, 722 (Ct.
 App. 1996))); State v. Taylor, 348 S.C. 152, 159, 558 S.E.2d 917, 920
 (Ct. App. 2001) (It is well settled that the grant or refusal of a new trial
 is within the sound discretion of the trial judge.) (citing State v.
 Simmons, 279 S.C. 165, 166, 303 S.E.2d 857, 858 (1983)).  See Kennedy
 v. Griffin, 358 S.C. 122, 127, 595 S.E.2d 248, 250 (Ct. App. 2004) (The
 denial of a motion for a new trial is within the trial judges discretion and
 will not be reversed on appeal absent an abuse of discretion.); Waring v.
 Johnson, 341 S.C. 248, 256, 533 S.E.2d 906, 910 (Ct. App. 2000).
[T]he
 exercise of that discretion must be in accord with sound legal principles and
 practice. . . . [V]erdicts found after regular and legal trial in a competent
 court ought not lightly be disturbed.  Harrington v. Nicholson, 182
 S.C. 38, 41, 188 S.E. 372, 373 (1936).  An abuse of discretion arises when the
 trial court was controlled by an error of law or when the order is without
 evidentiary support.  Hillman v. Pinion, 347 S.C. 253, 255, 554 S.E.2d
 427, 429 (Ct. App. 2001); Miller v. Miller, 375 S.C. 443, 452, 652
 S.E.2d 754, 759 (Ct. App. 2007) (quoting Townsend v. Townsend, 356 S.C.
 70, 73, 587 S.E.2d 118, 119 (Ct. App. 2003)).
In
 the instant case, the judge granted a new trial when she learned the parties
 mediated agreement was reduced to writing by the mediator but not presented to
 the court at trial by Wifes counsel in Husbands absence.  The judge reasoned
 she would have briefly stayed the proceedings to contact Husband to gain his
 consent.  Given the judges delayed knowledge of the written mediation
 agreement, it was within the courts discretion to grant a new trial.  We find
 no abuse of discretion in this situation.  Because the court did not abuse its
 discretion in granting a new trial, we elect not to address Husbands arguments
 to ignore Wifes July 28, 2006, and October 13, 2006, affidavits and his
 alleged lack of notice.
Accordingly,
 we
AFFIRM.
ANDERSON, SHORT
 and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.