THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Bernie OReilly, Appellant,
 v.
 J.G. Starnes and
 Johnny Ray Starnes d/b/a Starnes Well Drilling, Respondents.
 
 
 

Appeal From Aiken County
 Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2008-UP-318
Submitted June 2, 2008  Filed June 25,
2008

AFFIRMED

 
 
 
 A. Shane Massey, of Aiken, for Appellant.
 Tom G. Woodruff, Jr., of Aiken, for Respondent.
 
 
 

PER CURIAM:  In
 this action for breach of contract, Bernie OReilly appeals the trial courts
 order granting respondents motion for a new trial nisi remittitur.  
We affirm[1] the order of the trial court pursuant to Rule 220(b)(2), SCACR, and the
 following authorities: Weaver v. Lentz, 348 S.C. 672, 682, 561 S.E.2d 360,
 365 (Ct. App. 2002) (the trial court has wide discretionary power to reduce the
 amount of a verdict which it finds to be excessive);  Chapman v. Upstate RV
 & Marine, 364 S.C. 82, 88-89, 610 S.E.2d 852, 856 (Ct. App. 2005) (the
 grant or denial of new trial motion rests within the discretion of the trial
 court, and its decision will not be disturbed on appeal unless the findings are
 wholly unsupported by the evidence or the conclusions reached are controlled by
 error of law); Proctor v. Dept. of Health and Envtl. Control, 368 S.C.
 279, 320, 628 S.E.2d 496, 518 (Ct. App. 2006) (great deference is given to the
 trial judge who saw and heard the evidence and who, as a result, possessed a
 better-informed view of the damages than the reviewing court).  While we may
 not have taken the same approach, we cannot say that the trial court abused its
 discretion because the nature and extent of the parties agreement was at issue
 during the trial. 
AFFIRMED.
WILLIAMS,
THOMAS, and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.