THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 David R. Meeks, Appellant,
 v.
 Bobby Lee
 Goings, Respondent.
 
 
 

Appeal From Spartanburg County
 Lee S. Alford, Circuit Court Judge
Unpublished Opinion No. 2008-UP-328
Submitted June 2, 2008  Filed June 27,
 2008    
AFFIRMED

 
 
 
 Thomas A. Killoren, Jr., of Harrison, of Spartanburg, for
 Appellant.
 Robert Eric Davis, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: In
 this civil case, we affirm the trial courts denial of David Meeks motion for
 a new trial nisi additur.  
FACTS
On February 23, 2000, David Meeks (Meeks) was stopped at the
 intersection of Floyd Road and Highway 221 in Spartanburg County, South Carolina.  Bobby Goings (Goings) was attempting to make a left turn onto Floyd Road from the southbound lane of Highway 221.  Goings collided with a vehicle
 traveling north on Highway 221.  As a result of this collision, Goings vehicle
 collided with Meeks vehicle.  
Meeks sought to recover medical expenses allegedly incurred as a
 result of the accident and the cost of a future, unscheduled surgery to his
 ribs.  In August 1998, Meeks was injured when he was kicked in his ribs by a
 deer.  The deer kick was in the same area as the alleged injury Meeks sustained
 in the automobile accident.  
In 2002, approximately four years after the deer kick and two years
 after the automobile accident, Meeks was referred to Dr. Michael Zhadkevich, a
 board certified heart, lung, and general surgeon.  Dr. Zhadkevich and Meeks
 discussed surgical options in 2002 and 2003 to correct his alleged injuries.  However,
 Meeks never scheduled surgery, but he did return to Dr. Zhadkevich in 2007,
 seven years after his automobile accident.  Dr. Zhadkevich testified Meeks was
 doing pretty well.  
During the trial, Meeks wife, Lucia, testified.  During cross-
 examination, Goings asked Lucia the cost of tuition associated with educating
 their child in a private school.  Meeks objected, arguing the question was
 irrelevant.  The trial court overruled this objection.  
At the close of the trial, the jury returned a verdict in favor of
 Meeks for $3,548.25.  This amount represented Meeks actual medical bills.  The
 jury did not award Meeks the approximate $24,430 he was seeking for the
 unscheduled, future surgery.  Meeks filed a motion for a new trial nisi additur. 
 Meeks argued the jury award was insufficient because the jury failed to award
 him the cost of the future surgery.  The trial court denied this motion.  This
 appeal follows.                                         
LAW/ANALYSIS
Meeks argues the trial court committed reversible error in two
 respects: (1) denying his motion for a new trial nisi additur,
 and (2) overruling his objection to questioning concerning the cost of his
 childs tuition.  
A. New trial nisi additur[1]
Meeks
 first argues the trial court erred in denying his motion for a new trial nisi additur.  We disagree.   
Our decision in Howard v. Roberson succinctly sets out the
 law regarding a new trial nisi additur. 

 A new
 trial nisi is one in which a new trial will be granted unless the party
 opposing it complies with a condition set by the court.  The grant or denial of
 new trial motions rests within the discretion of the trial judge, and his
 decision will not be disturbed on appeal unless his findings are wholly
 unsupported by the evidence or the conclusions reached are controlled by error
 of law.  The trial court alone has the power to grant a new trial nisi when he finds the amount of the verdict to be merely inadequate or excessive. 
 However, compelling reasons must be given to justify invading the jurys
 province by granting a new trial nisi additur or remittitur. 
 The consideration for a motion for a new trial nisi additur or 
 remittitur requires the trial judge to consider the adequacy of the verdict in light of
 the evidence presented.  Great deference is given to the trial judge who heard
 the evidence and is more familiar with the evidentiary atmosphere at trial, and
 who thus possesses a better-informed view of the damages than this Court.  

376 S.C. 143,
 155-56, 654 S.E.2d 877, 883-84 (Ct. App. 2007) (internal quotations and
 citations omitted). 
The record contains ample evidence to demonstrate the trial court
 did not abuse its discretion in denying Meeks nisi additur motion.  Meeks was kicked in his left ribs in 1998 by a deer, which Meeks
 family physician noted may have caused a rib fracture on [his] left side.  This
 kick was in the same area as the alleged injury Meeks sustained in the
 automobile accident in 2000.  Based on this, the jury could have easily
 concluded Meeks injury was not the result of the automobile accident but rather
 a result of the deer kick.  
Additionally, from June 2003 to January 2007, Meeks was actively
 working and did not require any medical attention.  When Meeks returned to Dr.
 Zhadkevich in 2007, seven years after his automobile accident, Dr. Zhadkevich
 concluded Meeks physical exam reveal[ed] a robust gentleman who look[ed] much
 younger than his age.  His pain in the area of the previous fracture has
 significantly improved with only minimal discomfort . . . .  Relying on this
 evidence, the jury could have concluded Meeks would not need surgery in the
 future because he did not suffer any apparent injury from the automobile
 accident.  Based on the foregoing, we cannot say the trial court abused its
 discretion in denying Meeks nisi additur motion.  See id. (The grant or denial of new trial
 motions rests within the discretion of the trial judge, and his decision will
 not be disturbed on appeal unless his findings are wholly unsupported by the
 evidence . . . .).
B. Admission
 of evidence[2] 
Meeks also
 argues the trial court improperly allowed Goings to inquire into the cost of
 tuition associated with educating his child in a private school.  We disagree. 
The admission or exclusion of evidence is
 within the sound discretion of the trial court.  Burroughs v. Worsham,
 352 S.C. 382, 391, 574 S.E.2d 215, 219-20 (Ct. App. 2002).  The exercise of
 this discretion will not be disturbed on appeal absent an abuse of that
 discretion.  Id.  We may reverse the trial courts decision only if the
 appellant shows both an error in the ruling and resulting prejudice.  Id.
In this case, even if we assume the trial courts decision was
 erroneous, Meeks has failed to show prejudice.  Meeks argues the jury
 envisioned him as an affluent individual who could afford to pay for his own
 surgery.  Meeks contends he was prejudiced because even though Goings was found
 liable, the jury failed to award him the cost of the surgery to correct his
 alleged injuries.  However, as explained above, the jury could have concluded Meeks injury
 to his ribs was not the result of the automobile accident.  Likewise, the jury
 could have concluded Meeks would not need surgery in the future.  Since we find
 no prejudice, we conclude there is no reversible error.  
CONCLUSION
Accordingly,
 the trial courts decision is 
AFFIRMED.[3]
WILLIAMS,
 THOMAS, and PIEPER, JJ., concur.

[1] Goings argues this issue is not preserved for our
 review.  We disagree. Meeks filed a motion for a new trial nisi additur, and the trial
 court ruled upon this motion.  Thus, this
 issue is preserved for our review.  Wilder Corp.
 v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731,
 733 (1998) (holding for an issue to be preserved for appeal it must have been raised to and ruled upon by the trial court).
[2] Goings argues this issue is not preserved for our
 review because the trial courts evidentiary ruling was not contained in Meeks
 notice of appeal.  We disagree because Meeks properly preserved this issue by
 objecting during the trial. Lancaster v. Fielder, 305 S.C. 418, 421, 409
 S.E.2d 375, 377 (1991) ([A] party need not challenge
 the final judgment itself in order to contest an intermediate judgment.).
[3] We decide this case without oral arguments pursuant
 to Rule 215, SCACR.