**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rodney Allgire, Respondent,

v.

Marshall C. Blanton, Appellant.

Appellate Case No. 2014-000550

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2015-UP-393
Submitted July 1, 2015 – Filed August 5, 2015

**AFFIRMED**

Ernest Mitchell Griffith and Kelly Dennis Dean, both of Griffith, Sharp & Liipfert, LLC, of Beaufort, for Appellant.

James H. Moss, of Moss Kuhn & Fleming, PA, of Beaufort, and Charles E. Carpenter, Jr., of Carpenter Appeals & Trial Support, LLC, of Columbia, for Respondent.

**PER CURIAM:**  Marshall Blanton appeals a jury award of $400,000 in actual damages and $100,000 in punitive damages in favor of Rodney Allgire on his claims of negligence, assault, and battery.  On appeal, Blanton argues the trial court erred by (1) refusing to direct a verdict in his favor because evidence showed he acted in self-defense and with due care, (2) denying his motion for a new trial absolute or *nisi* remittitur because the verdict was the result of passion, prejudice, bias, or other consideration not based on the evidence, (3) denying his motion for a new trial under the thirteenth juror doctrine, and (4) failing to strike the punitive damages award because it was excessive and unsupported by evidence.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the motion for a directed verdict on the ground Blanton acted with due care:  *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Chastain v. Hiltabidle*, 381 S.C. 508, 515, 673 S.E.2d 826, 829 (Ct. App. 2009) ("When an issue is raised to but not ruled upon by the trial court, the issue is preserved for appeal only if the party raises the same issue in a Rule 59(e)[, SCRCP,] motion.").  As to the motion for a directed verdict on the ground Blanton acted in self-defense:  *Pope v. Heritage Cmtys., Inc.*, 395 S.C. 404, 432, 717 S.E.2d 765, 780 (Ct. App. 2011) ("In ruling on motions for directed verdict, the trial court must view the evidence and the inferences reasonably drawn therefrom in the light most favorable to the party opposing the motions and deny the motions if the evidence yields more than one inference or its inference is in doubt."), *cert. granted* June 26, 2014; *id.* at 434, 717 S.E.2d at 781 ("When reviewing the denial of a motion for directed verdict . . . the appellate court applies the same standard as the trial court."); *id.* ("An appellate court will only reverse the trial court's ruling when no evidence supports the ruling or when the ruling is controlled by an error of law."); *Shramek v. Walker*, 152 S.C. 88, 93-94, 102, 149 S.E. 331, 333-34, 337 (1929) (holding to establish self-defense, a defendant must prove (1) he was without fault in bringing on the difficulty, (2) he reasonably believed the force was necessary because he was in imminent danger of suffering serious bodily harm or death, and (3) he used every reasonable means to avoid the danger); *id.* (stating reasonable belief is measured from the point of view of a man of ordinary coolness, firmness, and courage).

2.  As to the motion for a new trial absolute or *nisi* remittitur:  *Howard v. Roberson*, 376 S.C. 143, 154, 654 S.E.2d 877, 883 (Ct. App. 2007) ("A trial court may grant a new trial absolute on the ground that the verdict is excessive or

inadequate."); *id.* at 155, 654 S.E.2d at 883 ("The granting of a motion for new trial *nisi* additur or remittitur rests within the sound discretion of the trial court, but substantial deference must be afforded to the jury's determination of damages."); *id.* ("Compelling reasons must be given to justify invading the jury's province in this manner."); *Proctor v. Dep't of Health & Envtl. Control*, 368 S.C. 279, 319-20, 628 S.E.2d 496, 518 (Ct. App. 2006) ("The grant or denial of new trial motions rests within the discretion of the trial [court] and [its] decision will not be disturbed on appeal unless [its] findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law."); *id.* at 320, 628 S.E.2d at 518 ("Great deference is given to the trial [court, which] heard the evidence and [was] more familiar with the evidentiary atmosphere at trial, and . . . thus possesse[d] a better-informed view of the damages than this [c]ourt." (internal quotation marks omitted)).

3.  As to the motion for a new trial under the thirteenth juror doctrine:  *Vinson v. Hartley*, 324 S.C. 389, 403, 477 S.E.2d 715, 722 (Ct. App. 1996) ("A trial [court]'s order granting or denying a new trial [under the thirteenth juror doctrine] will not be disturbed unless [its] decision is wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law.").

4.  As to the punitive damages award:  *Hollis v. Stonington Dev., LLC*, 394 S.C. 383, 393-94, 714 S.E.2d 904, 909 (Ct. App. 2011) ("When ruling on a directed verdict motion as to punitive damages, the [trial] court must view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party." (internal quotation marks omitted)); *id.* at 394, 714 S.E.2d at 910 (providing this court applies the same standard when reviewing the denial of such a motion); *Jordan v. Holt*, 362 S.C. 201, 207, 608 S.E.2d 129, 132 (2005) (holding this court "must affirm the trial court's finding of punitive damages if any evidence reasonably supports the [trial court]'s factual findings").  As to whether the award violated due process: *James v. Horace Mann Ins. Co.*, 371 S.C. 187, 194, 638 S.E.2d 667, 670 (2006) ("Because punitive damages are quasi-criminal in nature, the process of assessing punitive damages is subject to the protections of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**KONDUROS, GEATHERS, and LOCKEMY, JJ., concur.**