24204

Michael A. BAILEY, Respondent v. Richard Lee PEACOCK, Appellant.

(455 S.E. (2d) 690)

Supreme Court

*J.R. Murphy,* of *Sweeny, Wingate, Murphy & Barrow, P.A.,* Columbia, *for appellant.*

*Franklin D. Beattle,* Aiken, *for respondent.*

Heard Dec. 9, 1994.

Decided Feb. 27, 1995.

TOAL, Justice:

This appeal arises from the granting of a new trial *nisi additur* in a negligence action. We reverse.

## FACTS

Michael A. Bailey (Bailey) sued Richard Lee Peacock (Peacock) for damages for injuries he received in an automobile collision with Peacock. Peacock admitted negligence but contested whether the accident was the proximate cause of Bailey's injuries. Bailey claimed he suffered severe back pain from bulging disks that were caused by the accident.

Bailey consulted several doctors after the accident. Evidence at trial was conflicting as to whether or not the accident caused Bailey's condition. Bailey claimed actual damages of $11,086 and future damages for corrective surgery.

The jury returned a verdict for Bailey for $1,745. The trial judge granted Bailey an additur increasing the jury's award to $25,000 or in the alternative a new trial. Peacock appeals.

## LAW/ANALYSIS

Peacock argues the evidence did not support the trial judge's grant of a new trial *nisi additur*.[1] We agree.

If an award is merely inadequate or unduly liberal, the trial judge alone has the discretion to grant a new trial *nisi additur. Easler v. Hejaz Temple*, 285 S.C. 348, 356, 329 S.E. (2d) 753, 758 (1985). Compelling reasons, however, must be given to justify invading the jury's province in this manner. *Pelican Bldg. Centers v. Dutton*, 311 S.C. 56, 58, 427 S.E. (2d) 673, 676 (1993). This Court has the duty to review the record and determine whether there has been an abuse of discretion amounting to an error of law. *Id.*

The trial judge made no finding the verdict was inadequate. Rather, the record establishes the trial judge granted the new trial *nisi additur* on the basis of the "thirteenth juror" doctrine. The "thirteenth juror" doctrine is

---

[1] We note the trial judge titled the relief he granted as "JNOV *additur nisi.*" Peacock argues that no such relief exists. While we agree with Peacock no such relief exists in South Carolina, it is clear from the record the motion was confusingly argued to the trial judge and the trial judge intended to grant a new trial *nisi additur.*

a vehicle by which the trial court may grant a *new trial absolute* when he finds the evidence does not justify the verdict. *Folkens v. Hunt,* 300 S.C. 251, 254, 387 S.E. (2d) 265, 267 (1990). The "thirteenth juror" doctrine is not used when the trial judge has found the verdict was inadequate or unduly liberal and, therefore, is not a vehicle to grant a new trial *nisi additur.* We find the trial judge abused his discretion in granting a new trial *nisi additur* based on the "thirteenth juror" doctrine. *See Pelican Bldg.,* — S.C. at —, 427 S.E. (2d) at 676 (absent finding the verdict is merely insufficient, trial judge abuses his discretion in granting new trial *nisi additur*). Based on our holding, we reverse and reinstate the jury verdict.[2]

Reversed.

CHANDLER, C.J., FINNEY and WALLER, JJ., and CURTIS G. SHAW, Acting Associate Justice, concur.

---

[2] Bailey argues the granting of a new trial is not immediately appealable. Under S.C. Code Ann. § 14-3-330(2)(b) (1977), this Court has appellate jurisdiction to review grants of a new trial. S.C. Code Ann. § 14-3-330(2)(b) (1977) (the "Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal: An order affecting a substantial right made in an action when such order . . . grants or refuses a new trial"). *See South Carolina State Highway Dept. v. Clarkson,* 267 S.C. 121, 226 S.E. (2d) 696 (1976); *See also Rush v. Blanchard,* — S.C. —, 426 S.E. (2d) 802 (1993). Accordingly, we find Bailey's argument meritless.