2470

Elizabeth M. SCOGGINS, Respondent-Appellant v. W. Richard McCLEL-LION and D.C. Bryson, D/B/A Anderson County Jockey Lot and Farmer's Market, Appellants-Respondents.

(468 S.E. (2d) 12)

Court of Appeals

*Robert L. Waldrep, Jr.*, of Anderson, *for appellants-respondents.*

*J. David Flowers*, of *Ness, Motley, Loadholt, Richardson & Poole*, of Greenville, *for respondent-appellant.*

Heard Dec. 6, 1995.

Decided Mar. 4, 1996.

*Per Curiam:*

In this action for negligent repair, W. Richard McClellion and D.C. Bryan, D/B/A Anderson County Jockey Lot and Farmer's Market (Farmer's Market) appeal the trial court's refusal to grant a directed verdict in favor of Farmer's Market, refusal to grant a mistrial, and the trial court's ruling allowing the plaintiff to use Farmer's Market's videotaped deposition of Dr. McCalla in the plaintiff's case in chief.

Elizabeth M. Scoggins (Scoggins), the plaintiff below, cross appeals, arguing the trial court erred in requiring her to make a statement to the jury prior to offering the videotaped deposition of Dr. McCalla, in striking her claim for punitive dam-

ages, and in granting remittitur in the amount of $12,500.00. We affirm in part and reverse in part.

The Farmer's Market is essentially a flea market at which vendors rent booths to sell various forms of merchandise. Scoggins had rented booths from the Farmer's Market for over 15 years to sell her merchandise to the general public. In July, 1990, Scoggins attempted to pull the garage door closed in her booth when the right side of the door swung open from the overhead track and struck her on the back. Scoggins then brought this action against the Farmer's Market for negligent repair of the garage door.

## FARMER'S MARKET'S APPEAL

### I.

Farmer's Market argues the trial court erred in refusing to grant a directed verdict at the end of the plaintiff's testimony based on the plaintiff's failure to prove the elements of negligence. We disagree. In the motion for a directed verdict, Farmer's Market raised only two issues: the plaintiff's alleged failure to prove a causal link between the defendants' acts and the plaintiff's injury, and the alleged lack of evidence to support a verdict for punitive damages. Farmer's Market did not argue the plaintiff's failure to prove the elements of negligence, thus the trial court could not possibly have granted a directed verdict on that ground. Furthermore, when they renewed their motion at the close of all evidence, Farmer's Market asserted no additional grounds or arguments in support of their motion. An issue may not be raised for the first time on appeal, but must have been raised to the trial judge to be preserved for appellate review. Issues not raised in the trial court will not be considered on appeal. *State v. Hudgins*, 319 S.C. 233, 460 S.E. (2d) 388 (1995). Thus, this issue is not properly before the court.

### II.

Farmer's Market next argues the trial court erred in refusing to grant a directed verdict at the end of the plaintiff's testimony based on the plaintiff's failure to show a causal connection between the negligence on the part of the Farmer's Market and the plaintiff's injury. We disagree. In reviewing a directed verdict motion, the appellate court

must view the evidence and all reasonable inferences from the evidence in the light most favorable to the party opposing the motion. *Weir v. Citicorp Nat'l Servs., Inc.*, 312 S.C. 511, 435 S.E. (2d) 864, 867 (1993). Furthermore, if the evidence is susceptible of more that one reasonable inference, the trial court should deny the motion for a directed verdict and the case should be submitted to the jury. *Horry County v. Laychur*, 315 S.C. 364, 434 S.E. (2d) 259, 261 (1993).

At trial, Scoggins testified her injuries were caused by the garage door falling on her in July, 1990. Furthermore, her family physician, Dr. Selman, testified that in his expert medical opinion it was "quite clear that the accident was the direct cause of her current complaint of back pain." Farmer's Market argues this statement by Dr. Selman falls short of meeting the "most probable" standard required when medical testimony is used to establish causation between an accident and an injury. Under this test "it is not sufficient for the expert . . . to testify merely that the ailment might or could have resulted from the alleged cause. He must go further and testify that taking into consideration all the data it is his professional opinion that the result in question most probably came from the cause alleged." *Baughman v. American Tel. & Tel. Co.*, 306 S.E. 101, 410 S.E. (2d) 537 (1991) (citing *Eubanks v. Piedmont Natural Gas Co.*, 198 F. Supp. 522 (S.C. 1961)). However, in determining whether particular evidence meets this test it is not necessary that the expert actually use the words "most probably." *Id.* (citing *Norland v. Washington Gen. Hosp.*, 461 F. (2d) 694, 697 (8th Cir. 1972)). We find Dr. Selman's testimony meets this standard, and that there was sufficient evidence in the record to submit the issue of causation to the jury. Therefore, the trial court did not err in denying Farmer's Market's motion for a directed verdict.

## III.

Farmer's Market next argues the trial court erred in refusing to grant a new trial based upon the "flagrant conduct of the Plaintiff's attorney by improperly introducing highly prejudicial evidence alleging 'invasion of privacy' and 'casting the plaintiff in a false light' when such testimony and evidence had been excluded by prior order and rul-

ing of the court." We disagree. Scoggins initially alleged a cause of action for invasion of privacy and casting in a false light based on the fact that Farmer's Market videotaped Scoggins while at the flea market in order to show the effect of her injuries on her day-to-day activities. This cause of action was ultimately stricken from the complaint. Farmer's Market argues the trial court should have granted a mistrial based on Scoggins' references to the videotapes during closing arguments. The test for granting a new trial on the basis of improper closing argument by opposing counsel is whether the complaining party was prejudiced to the extent that he or she was denied a fair trial. *State v. Durden*, 264 S.C. 86, 212 S.E. (2d) 587 (1975).

At the close of all evidence, Farmer's Market filed a motion in limine to limit Scoggins' closing argument from any inference that her case was damaged by the videotapings or that the videos were an invasion of her privacy. This motion was denied, but the jury was specifically instructed that the Plaintiff was not entitled to any damages for embarrassment or humiliation resulting from the videotaping or for invasion of privacy. Farmer's Market did not object to this instruction. In fact, counsel for Farmer's Market indicated that the judge had crafted a "fair charge on the videotaping." We find that the trial judge's instruction cured any possible error that may have resulted from the closing argument. *See Gathers v. Harris Teeter Supermarket, Inc.*, 282 S.C. 220, 317 S.E. (2d) 748 (1984) (trial judge's instruction that jurors cannot act through emotion but must weigh the evidence and do what is just cured any error that might have resulted from closing argument in which counsel told the jury not to "think too hard with your head but to think with your heart.").

Farmer's Market also alleges several other instances of improper conduct on the part of Scoggins' attorney, including questioning the veracity of one of the defendants, giving unsworn testimony that all videotapes were not produced in discovery, and eliciting testimony from Scoggins about the videotapes. However, none of these instances of allegedly improper conduct were objected to during trial, and are thus not preserved for appeal. *State v. Hudgins*, — S.C. —, 460 S.E. (2d) 388 (1995).

## IV.

Finally, Farmer's Market argues the court erred in requiring the defendants to allow Scoggins to use Farmer's Market's videotaped deposition of Dr. McCalla in Scoggins' case in chief. We disagree. The videotaped deposition of Dr. McCalla was taken at the expense of Farmer's Market. Thus, they objected to Scoggins' introduction of that videotape in her case in chief. However, under Rule 32(c), SCRCP, "a party does not make a person his own witness for any purpose by taking his deposition," but rather the deponent becomes the witness of the party introducing the deposition. Thus, Dr. McCalla became Scoggins' witness regardless of the fact that Farmer's Market procured the taking of the deposition. *Baker v. Metropolitan Life Ins. Co.*, 184 S.C. 341, 192 S.E. 571 (1937). Therefore, the trial court properly allowed Scoggins to use Dr. McCalla's deposition in her case in chief.

## *SCOGGINS' APPEAL*

### I.

Scoggins argues the trial court erred in requiring her to make a statement to the jury prior to offering the videotaped deposition of Dr. McCalla. We disagree. Scoggins made the following remarks to the jury:

> Pursuant to the court's instruction I will indicate to the jury that this deposition was taken of Dr. Sam McCalla. It was taken by agreement of the parties after the defendants submitted a medical record to be introduced into evidence. The plaintiff would not agree to have the record introduced into evidence without testimony supporting it.

Farmer's Market was then allowed to respond, stating:

> Your Honor, with the explanation that it was at the insistence and the initiation of the defendant in this case that this deposition be taken and that this was a deposition that was paid for—taken by the defendant in this case with the full intention of introducing this into evidence ourselves. At this point Mr. Flowers has chosen, and we understand the ruling of the court, to take our deposition and enter it into evidence and we are submitting to the will of the court.

Scoggins argues the statements made by Farmer's Market suggested that Scoggins was doing something improper in introducing Dr. McCalla's deposition.

It was not improper for the trial court to require Scoggins to explain to the jury why her attorney was cross-examining his own witness, and why the defense was conducting a direct examination of the witness instead of a cross-examination. Furthermore, any suggestion Scoggins was doing something improper was likely negated by the fact that the trial judge allowed Scoggins to introduce the deposition into evidence. Finally, the trial court has inherent authority to maintain decorum and orderly procedure in the trial process, and thus had discretion to require such an explanation.

## II.

Scoggins next argues the trial court erred in striking her claim for punitive damages. We disagree. Punitive damages should be submitted to the jury when there is evidence a tortfeasor's conduct was willful, wanton, or in reckless disregard of the rights of another. *Cartee v. Lesley*, 290 S.C. 333, 350 S.E. (2d) 388 (1986). The only evidence Scoggins introduced to support an award of punitive damages was that the Farmer's Market had repaired the garage door three or four times during the fifteen years Scoggins had rented booths. We find the trial court did not err in finding the evidence was insufficient to establish willful, wanton, or reckless conduct on the part of Farmer's Market.

## III.

Finally, Scoggins argues the trial court erred in granting remittitur in the amount or $12,500.00; reducing her award from $50,000.00 to $37,500.00. We agree. In the order granting the motion for *new trial nisi*, the trial court states, "the Court finds the verdict, more than ten (10) times such liquidated damages, unduly liberal. Therefore, exercising its role as the 'thirteenth juror,' *Folkens v. Hunt*, [300] S.C. [251], 387 S.E. (2d) 265, 267 (1990), the Defendants' motion for new trial nisi remittitur is granted." The "thirteenth juror" doctrine is a vehicle by which the trial court may grant a *new trial absolute* when he or she finds the evidence does not justify the verdict. *Bailey v. Peacock*, — S.C.

—, 455 S.E. (2d) 690 (1995). The "thirteenth juror" doctrine is not used when the trial judge has found the verdict was merely inadequate or unduly liberal and, therefore, is not a vehicle to grant a *new trial nisi.* The trial judge must be given parameters when a request is made for remittitur. *Id.* at —, 455 S.E. (2d) 690. A trial judge abuses his discretion in granting a *new trial nisi* based on the "thirteenth juror" doctrine. *Id.* Thus, we reverse and reinstate the full amount awarded by the jury.

Affirmed in part and reversed in part.

SHAW, CONNOR and HEARN, JJ., concur.