590 S.E.2d 39

**Mildred GREEN, Respondent,**

v.

**Jason FRITZ, Appellant.**

**No. 3715.**

Court of Appeals of South Carolina.

Submitted Nov. 3, 2002.

Decided Dec. 15, 2003.

Donnell G. Jennings and R. Hawthorne Barrett, both of Columbia, for Appellant.

Zack E. Townsend, of Orangeburg, for Respondent.

HEARN, C.J.:

Mildred Green sued Jason Fritz to recover damages for bodily injuries suffered during an automobile accident. The jury returned a verdict for Green in the amount of $1,500.00 in actual damages and $500.00 in punitive damages. Green moved for a new trial *nisi additur*. The trial judge granted the motion, increasing the total award to $14,000.00. Fritz appeals, asserting, *inter alia*, the motion was improvidently granted because the trial judge failed to articulate compelling reasons to invade the province of the jury. We reverse and reinstate the jury verdict.

## FACTS/ PROCEDURAL HISTORY

Fritz was attempting to turn left out of a gas station parking lot. To execute the turn and join left-bound traffic, Fritz had to cross three lanes of right-bound traffic. A vehicle in the closest right-bound lane slowed and signaled for Fritz to proceed, which he did. After successfully crossing two lanes of traffic, however, Fritz collided with Green.

The EMS crew that responded to the accident took Green by ambulance to the Orangeburg Regional Medical Center. Green, who had a history of high blood pressure and diabetes, was kept overnight for the purpose of monitoring her blood sugar and blood pressure. During her stay at the hospital, Green did not complain of, and was not treated for, neck, back, or muscle pain.

Green took two days off from work after the accident, though she testified that the pain in her neck and back persisted after that period. Four weeks after the accident, Green sought treatment from Dr. Shay, a chiropractor. Dr.

Shay diagnosed Green with cervical subluxation.[1] The treatment lasted approximately four weeks and cost a total of $1,470.00.

Green brought this negligence action against Fritz, seeking to recover damages sustained in the accident. During opening remarks at trial, Fritz's attorney admitted fault. Green's chiropractor testified about the extent of Green's back injuries. On cross-examination, defense counsel challenged the causal link between the accident and Green's subluxation diagnosis. Specifically, Dr. Shay was asked whether Green's back injury could have been caused by something other than the car accident, and Dr. Shay admitted that was possible. Green did not claim to experience any accident-related problems subsequent to her treatment with Dr. Shay. She also did not claim to have sustained any permanent injuries as a result of the accident.

Following the jury's verdict, Green moved for a new trial *nisi additur*, arguing that the verdict was grossly inadequate and that "it had to be compassion, prejudice or something of that nature, some other outside influence." The trial court granted Green's motion for a new trial *nisi additur*, increasing the jury's total award from $2,000.00 to $14,000.00. The order, in its entirety, reads as follows:

> The plaintiff's motion for a new trial nisi additur or in the alternative for a new trial absolute is hereby granted. The jury returned a verdict in the amount of $1500.00 actual damages and $500.00 punitive damages. The evidence revealed that the plaintiff's actual damages were:
>
> 1. Loss [sic] Wages 118.88
> 2. Hospital Bill 1132.55
> 3. Dr. Shea [sic] 1470.00
> 4. Medical Records 21.47
> 5. Ambulance Bill 186.35
>    Total Special Damages =2929.25
>
> It is well settled that a trial judge may add to or subtract the jury's award if it appears to be the result of passion, caprice, or something not found in the record. If [sic] find

---

1. Subluxation is a condition where vertebrae are out of alignment.

and conclude that the verdict in this case is grossly inadequate.

It is therefore ordered, adjudged and decreed that the sum of $12,000.00 be added to the jury's award of $2000.00 for a total award of $14000.00.

## ISSUE

Did the trial court improperly grant Green's motion for a new trial *nisi additur* ?

## STANDARD OF REVIEW

A trial judge may grant a new trial *nisi additur* whenever he or she finds the amount of the verdict to be merely inadequate. *Patterson v. Reid*, 318 S.C. 183, 185, 456 S.E.2d 436, 438 (Ct.App.1995). While the granting of such a motion rests within the sound discretion of the trial court, substantial deference must be afforded to the jury's determination of damages. *Evans v. Taylor Made Sandwich Co.*, 337 S.C. 95, 100, 522 S.E.2d 350, 352 (Ct.App.1999). To this end, a judge must offer compelling reasons for invading the jury's province by granting a motion for *additur*. *Bailey v. Peacock*, 318 S.C. 13, 14, 455 S.E.2d 690, 691 (1995). We will only reverse if the trial judge abused his discretion in deciding a motion for new trial *nisi additur* to the extent that an error of law results. *Patterson*, 318 S.C. at 185, 456 S.E.2d at 438.

## LAW/ANALYSIS

Fritz argues the trial judge erred when he granted the motion without articulating compelling reasons. We agree.

A trial judge may grant a new trial *nisi additur* when a jury's verdict is inadequate. *Bailey*, 318 S.C. at 14, 455 S.E.2d at 691. However, to grant such relief, the trial judge must state compelling reasons for invading the province of the jury. *Krepps v. Ausen*, 324 S.C. 597, 607, 479 S.E.2d 290, 295 (Ct.App.1996). Similarly, if inapplicable grounds are given for granting *additur*, the order fails by error of law. *Bailey*, 318 S.C. at 14-5, 455 S.E.2d at 692 (explaining impropriety of granting *additur* or *remittitur* on the basis of the "thirteenth

juror" doctrine). Here, the trial court provided no compelling reasons for invading the province of the jury in granting *additur*.

Where, as here, the evidence of damages is disputed, the mere listing of Green's claimed damages by the trial judge in his order does not constitute compelling reasons for invading the jury's province. The order offers no reasons upon which we can review the appropriateness of usurping the jury's decision on damages.

In support of the grant of a new trial *nisi additur* and his conclusory statement that the verdict was grossly inadequate, Green argues that the jury ignored evidence of bills and "undisputed pain and suffering," thereby demonstrating "passion, caprice, prejudice particularly, corruption or some other improper motive." If indeed the jury's verdict was motivated by caprice, passion, or prejudice, the appropriate remedy would be for a new trial absolute. *Waring v. Johnson*, 341 S.C. 248, 257, 533 S.E.2d 906, 911 (Ct.App.2000) ("If the amount of the verdict is so grossly inadequate or excessive that it shocks the conscience of the court and clearly indicates the amount was the result of passion, caprice, prejudice, partiality, corruption or some other improper motives, the trial judge is required to grant a new trial absolute."). Green's only post-trial motion was for a new trial *nisi additur*.

We find the trial judge abused his discretion in granting a new trial *nisi additur* without stating compelling reasons. The trial judge's order is therefore reversed and the jury verdict is reinstated.[2]

**REVERSED.**

HOWARD and KITTREDGE, JJ., concur.

---

2. Because we find the trial judge's order granting a new trial *nisi additur* was erroneous, we need not address Fritz's second argument regarding the excessiveness of the *additur* amount.