693 S.E.2d 447

**In the Interest of RICHARD D., a Juvenile Under
the Age of Seventeen, Appellant.**

**No. 4686.**

Court of Appeals of South Carolina.

Heard March 2, 2010.
Decided May 6, 2010.

Appellate Defender M. Celia Robinson, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Michelle Parsons Kelley, all of Columbia; Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

KONDUROS, J.

Richard D. (Minor) was tried and convicted in the family court of first-degree burglary, grand larceny, and malicious injury to personal property. Minor appeals from the family court's denial of his directed verdict motion, arguing the State's case was based on inadmissible evidence or evidence admitted for reasons other than to substantively prove his guilt. We affirm.

## FACTS

Minor was accused of robbing Wanda Izzard's home on the evening of December 14, 2005. At trial, Izzard testified that when she returned home from work a little after 10 p.m., she notice broken glass from one of her windows. She called 911 and went to her neighbor's house to wait for police to arrive. Izzard indicated that a heavy gun cabinet containing three shotguns was missing along with piggy banks containing some change and a cigar box holding some two dollar bills and rare coins. Izzard further stated she had reported to the police information she had learned from her neighbors regarding who may have been involved in the robbery and told police they could obtain a copy of a videotape from a local conven-

ience store where money taken from her house may have been spent.

Detective Charles Lawrence testified he became involved with the investigation and an anonymous informant from the neighborhood told him he had seen Minor and Eric,[1] another boy implicated in the crime, with the guns, and the guns were hidden in the woods. Minor objected to this testimony arguing it constituted hearsay and violated the confrontation clause. The State maintained the information was offered only to show the course of the police investigation, not to prove the truth of the matter asserted. Minor's objection was overruled.

Detective Lawrence testified he spoke with a cashier at a local convenience store and the cashier told him two boys had come in the night of the robbery and spent some two dollar bills. Minor also objected to this statement on hearsay and confrontation clause grounds and was overruled. Detective Lawrence stated he then reviewed surveillance video from that night and pulled still photographs showing Eric and Minor at the store. Minor objected to the admission of the photographs arguing the State did not offer a sufficient foundation for their admission, they were more prejudicial than probative, and they violated the best evidence rule. Minor's objection was overruled.

Detective Lawrence testified he interviewed Eric at his school. According to Detective Lawrence, Eric indicated he was at Izzard's home at around 8:30 p.m. the night of the robbery and served as lookout for Minor and possibly another boy, Shawn, who went inside and took three guns.[2] Eric further stated he and Minor went to the store and he spent one of the two dollar bills taken from Izzard's residence.

The State called Eric as a witness, who was antagonistic and contrary during his testimony. The State eventually treated him as a hostile witness. Eric testified that when first interviewed by Detective Lawrence at school, he drew a grid

---

1. We omit Eric's last name to protect his identity as he is also a minor.

2. Eric's statement is not included in the record on appeal. However, we are able to review Detective Lawrence's testimony regarding the statement to discern its contents.

pattern on a piece of paper and Detective Lawrence threw the paper in the trash.[3] Eric further testified Detective Lawrence then put a piece of paper in front of him and told him to sign it. He denied Minor was involved in the robbery. Eric also testified he had never told Detective Lawrence Minor was involved.[4] The State offered Eric's prior inconsistent statement to impeach his in-court testimony. Over Minor's objection, the statement was admitted.

Minor moved for directed verdict at the close of the State's case, arguing the State's case hinged on evidence that could not be considered to substantively establish Minor's guilt. The family court denied the motion, relying on Eric's statement, his credibility on the witness stand, and the photographs from the convenience store. Minor was convicted of all charges and this appeal followed.

## STANDARD OF REVIEW

When considering the grant or denial of a motion for directed verdict, the trial court is concerned with the existence of evidence as opposed to the weight of the evidence. *State v. Hernandez*, 382 S.C. 620, 624, 677 S.E.2d 603, 605 (2009). "A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged." *Id.* When reviewing the denial of a directed verdict motion, an appellate court views the evidence and all reasonable inferences that can be drawn therefrom in the light most favorable to the State. *Id.*

## LAW/ANALYSIS

Minor contends the family court erred in denying his motion for directed verdict. He argues Eric's prior inconsistent statement was admitted only for impeachment purposes and should not have been considered by the family court as

---

3. Detective Lawrence testified he advised Eric of his *Miranda* rights prior to questioning him. That point is not raised in this appeal.

4. Eric admitted telling a Deputy Sheppard some facts the day before that were included in the statement made to Detective Lawrence. Those facts included that he had given the guns to his uncle, he had known Izzard for a few months, and she lived at the address where the robbery occurred.

substantive evidence in a directed verdict motion analysis.[5] We disagree.

In *State v. Copeland,* 278 S.C. 572, 300 S.E.2d 63 (1982), the South Carolina Supreme Court adopted the position that prior inconsistent statements, previously only used for impeachment, could be considered as substantive evidence.

> Heretofore, South Carolina has followed the traditional rule that testimony of inconsistent statements is admissible only to impeach the credibility of the witness. Henceforth from today, we will allow testimony of prior inconsistent statements to be used as substantive evidence *when the declarant testifies at trial and is subject to cross examination.*

*Id.* at 581, 300 S.E.2d at 69 (emphasis added).

Since its adoption, this rule has been applied in a myriad of cases. *See State v. Smith,* 309 S.C. 442, 447–48, 424 S.E.2d 496, 499 (1992) (holding exclusion of defendant's nephew's prior inconsistent statement constituted reversible error); *State v. Ferguson,* 300 S.C. 408, 411, 388 S.E.2d 642, 644 (1990) (finding exclusion of victim's prior inconsistent statement as substantive evidence was harmless error when other evidence was cumulative of statement); *State v. Crawford,* 362 S.C. 627, 634, 608 S.E.2d 886, 890 (Ct.App.2005) (holding co-conspirator's later testimony did not obviate the efficacy of the first statement made closer in time to the event in question); *State v. Caulder,* 287 S.C. 507, 513, 339 S.E.2d 876, 880 (Ct.App.1986) (finding court erred in instructing jury to disregard witness's prior inconsistent statement for substantive purposes).

---

5. The family court denied Minor's directed verdict motion based on the photographs from the convenience store and Eric's prior inconsistent statement and credibility on the witness stand. Minor argues on appeal the convenience store photographs and "hearsay" statements by Detective Lawrence were inadmissible. However, at oral argument Minor withdrew any request for a new trial that might result from a finding such evidence was erroneously admitted. Therefore, we limit our review to whether there was sufficient evidence properly admitted to overcome Minor's directed verdict motion. Because we find Eric's prior inconsistent statement and trial testimony to be sufficient, we need not address whether the admission of the "hearsay" statements and photographs was error. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding the court need not rule on remaining issues when the disposition of prior issues is dispositive).

Also informing our decision is *State v. Stokes,* 381 S.C. 390, 673 S.E.2d 434 (2009). In *Stokes,* the South Carolina Supreme Court concluded the rule set forth in *Copeland* was not offended because at trial the witness denied making the prior statement. *Stokes,* 381 S.C. at 403–04, 673 S.E.2d at 440–41. The court concluded the *opportunity* to cross-examine the witness was the protection afforded by the Sixth Amendment and that opportunity was provided to Stokes even though he elected not to cross-examine the witness as part of his trial strategy. *Id.* at 401–02, 673 S.E.2d at 439–40.

In this case, we agree with Minor the State offered the statement only to impeach Eric's credibility. However, the family court never actually stated any limitation on the admission of the evidence. Even if the family court had limited the admissibility of the statement, that does not negate the fact that consideration of the statement as substantive evidence in a directed verdict analysis would have been proper under *Copeland* and *Stokes.*

Additionally, Minor argues the family court erred in allowing the State to call Eric as a witness at trial. Minor contends the State sought solely to elicit unfavorable testimony so it could impeach Eric with the prior statement. A bench conference was held off the record after the State began inquiring of Eric if he planned to testify truthfully. This issue may have been discussed at that time, but we cannot review issues not contained in the record. *See State v. Hamilton,* 344 S.C. 344, 361, 543 S.E.2d 586, 595 (Ct.App.2001) ("An objection made during an off-the-record conference which is not made part of the record does not preserve the question for review."), overruled on other grounds by *State v. Gentry,* 363 S.C. 93, 610 S.E.2d 494 (2005). Because the issue was never raised to and ruled upon by the family court on the record, it is unpreserved for our review. *See Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (holding issues not raised to and ruled upon by the trial court are not preserved for appellate review).

█ Finally, Minor argues the family court erred in failing to grant its directed verdict motion as to grand larceny when the State failed to present evidence the items stolen from Izzard were worth more than one thousand dollars. This issue is not preserved for our review because it was not raised at trial. *See Guider v. Churpeyes, Inc.,* 370 S.C. 424, 430 n. 2,

635 S.E.2d 562, 566 n. 2 (Ct.App.2006) (finding defendant did not preserve argument regarding malice and damages in malicious prosecution claim when failure to meet those elements was not argued in directed verdict motion); *see also* *Scoggins v. McClellion,* 321 S.C. 264, 267, 468 S.E.2d 12, 14 (Ct.App.1996) (holding defendant did not preserve argument regarding element of negligence in tort claim when only causation and punitive damages were raised in directed verdict motion); *Hendrix v. E. Distribution, Inc.,* 316 S.C. 34, 44, 446 S.E.2d 440, 446 (Ct.App.1994) ("It was incumbent upon [Appellant] to argue specifically which element of breach of contract accompanied by a fraudulent act was not established to give the trial court the opportunity to rule on the point.").

## CONCLUSION

Eric's prior inconsistent statement could have been considered as substantive evidence by the family court pursuant to the holdings in *Copeland* and *Stokes.* That statement coupled with an evaluation of Eric's credibility at trial provided sufficient evidence to withstand Minor's directed verdict motion. His specific motion regarding the grand larceny charge is not preserved for our review. Accordingly, the family court's denial of Minor's directed verdict motion is

**AFFIRMED.**

HUFF and THOMAS, JJ., concur.