705 S.E.2d 71

**Kathryn LUCHOK, Respondent,**

v.

**Rebecca Ann VENA, Appellant.**

No. 4772.

Court of Appeals of South Carolina.

Heard Sept. 16, 2010.

Decided Dec. 22, 2010.

R. Hawthorne Barrett and Shannon F. Bobertz, both of Columbia; for Appellant.

D. Michael Kelly and Brad Hewett, both of Columbia; for Respondent.

FEW, C.J.

In this automobile accident case the jury returned a verdict in an amount significantly below the damages claimed by Plaintiff. The trial judge granted Plaintiff's motion for a new trial *nisi additur*, but failed to state compelling reasons for doing so. Our court addressed this specific situation on indistinguishable facts in *Green v. Fritz*, 356 S.C. 566, 590 S.E.2d 39 (Ct.App.2003). As we did in *Green*, we reverse and reinstate the jury verdict.[1]

Kathryn Luchok sued Rebecca Vena for damages resulting from a rear-end collision. Vena admitted that her negligence caused the accident but disputed whether all of the alleged damages were recoverable. Luchok claimed over $10,000.00 in medical bills, of which $9,100.00 were bills from a chiropractor.[2] The jury returned a verdict for Luchok in the amount of $3,023.90. The order granting the motion states:

> During trial, Plaintiff presented evidence that her medical bills alone totaled $10,071.00, consisting almost entirely of chiropractic treatment. Plaintiff testified at trial that the treatment for her injuries was reasonable and necessary

---

1. Because oral argument would not aid the court in resolving the issue, we decide this case without oral argument pursuant to Rule 215, SCACR.

2. In addition to the chiropractic bills, the record contained evidence of $1,512.78 in other damages. Luchok testified to $87.80 for a rental car bill, $20.00 for prescriptions, $176.00 for a cervical collar and doctor's visit with her regular physician, $413.98 of lost wages, $775.00 for physical therapy to which she was referred by her physician, and $40.00 for a high-back chair at work.

and that she ceased to treat once she felt that she no longer required chiropractic treatment....

Based on the findings of fact as set forth above, the Court concludes and orders:

The charges for chiropractic treatment of Plaintiff's injuries were reasonable and necessary. Despite the Defendant's admittance of liability and medical bills of $10,071.00, the jury limited the Plaintiff's award to $3,023.90. This award represents a grossly inadequate judgment rendered by the jury as liability was uncontested and the amount awarded does not approach the amount of medical costs reasonably and necessarily incurred by the Plaintiff.

■■■ In *Green*, we repeated the long-standing requirement that "a judge must offer compelling reasons for invading the jury's province by granting a motion for *additur*." 356 S.C. at 570, 590 S.E.2d at 41 (*citing Bailey v. Peacock*, 318 S.C. 13, 14, 455 S.E.2d 690, 691 (1995)).[3] The requirement is imposed to balance the wide discretion given to a trial judge in ruling on a new trial motion with the substantial deference courts must give to a jury's determination of damages. *Todd*, 385 S.C. at 517, 685 S.E.2d at 618; *Green*, 356 S.C. at 570, 590 S.E.2d at 41. We find the judge's order does not comply with the requirement.

■■■ The amount of recoverable damages was hotly contested. The only two points made by defense counsel in her opening statement were to argue that Plaintiff did not prove causation as to the chiropractic treatments and to focus the jury on the question of whether those treatments were reasonable and necessary. Plaintiff was the only witness in her case in chief. She testified she did not need an ambulance, she did not go to the emergency room, and she drove herself home after the accident. She waited until the next day to go to her family doctor. The first time Plaintiff went to the chiropractor was more than three weeks after the accident and she

---

3. *See also Todd v. Joyner*, 385 S.C. 509, 517, 685 S.E.2d 613, 618 (Ct.App.2008), *aff'd*, 385 S.C. 421, 685 S.E.2d 595 (2009); *Jones v. Ingles Supermarkets, Inc.*, 293 S.C. 490, 493, 361 S.E.2d 775, 777 (Ct.App.1987), *overruled on other grounds by O'Neal v. Bowles*, 314 S.C. 525, 527, 431 S.E.2d 555, 556 (1993).

continued going to the chiropractor for seventeen months. On cross-examination, Plaintiff conceded that the chiropractor's bills during those seventeen months included charges for massages she received from a massage therapist who worked for the chiropractor.

We interpret the judge's order to set forth two reasons for invading the jury's province. First, the verdict did not cover all the chiropractic bills. In the face of the sharply conflicting evidence, this is not a compelling reason to grant the motion. *See Green*, 356 S.C. at 571, 590 S.E.2d at 41 ("Where, as here, the evidence of damages is disputed, the mere listing of Green's claimed damages by the trial judge in his order does not constitute compelling reasons for invading the jury's province.").[4] Second, the "charges for chiropractic treatment of Plaintiff's injuries were reasonable and necessary." The judge is not entitled to make that determination as a matter of law when the evidence is conflicting. Therefore, there is no compelling reason and the trial judge's improper invasion of the province of the jury amounts to an abuse of discretion.

Appellant also contends the order should be reversed because it improperly grants *additur* without the option of a new trial. However, because we reverse on other grounds and reinstate the jury verdict, we need not reach this issue.

**REVERSED.**

HUFF and GEATHERS, JJ., concur.

---

4. In many respects, this appeal presents an even more compelling case for reversal than *Green*. In *Green*, the plaintiff actually went to the emergency room in an ambulance and spent the night in the hospital. 356 S.C. at 568, 590 S.E.2d at 40. The chiropractor testified at trial to a specific diagnosis of the plaintiff's injuries, and to the causal connection between the accident and the chiropractic treatment. 356 S.C. at 568–69, 590 S.E.2d at 40–41. The chiropractic treatment in *Green* lasted only four weeks, and cost only $1,470.00. 356 S.C. at 569, 590 S.E.2d at 40. The $1,500.00 verdict in *Green* exceeded the combined ambulance and hospital bills of $1,318.90. 356 S.C. at 569, 590 S.E.2d at 41.