THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.

 
 
 
 THE STATE OF SOUTH CAROLINA
 In The Court of Appeals
 Ralph H. Doering, Jr., Respondent,
 v.
 Perry A. Woodman, Appellant.
 
 
 

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No.  2011-UP-174
Submitted April 1, 2011  Filed April 18, 2011

AFFIRMED

 
 
 
 Samuel K. Allen and Stephanie Pendarvis McDonald, both of Charleston, for Appellant. 
 Catherine Davis Dyer and Heather Koval Coleman, both of Charleston, for Respondent.
 
 
 

PER CURIAM:  Perry A. Woodman sued Ralph H. Doering, Jr., for personal injuries Woodman suffered in an automobile wreck with Doering.  After
the jury awarded Woodman $7,500, Woodman moved for a new trial nisi additur or a new trial absolute.  The trial court denied the motion,
stating the evidence "came down to a credibility question . . . .  And it is clearly within [the jury's] prerogative on the issues of credibility and
believability . . . ."  Woodman appeals, arguing the jury's award is inconsistent with the evidence presented at trial.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1.  As to whether the trial court erred in declining to order a new trial absolute:  Chapman v. Upstate RV & Marine, 364 S.C. 82, 88-89,
610 S.E.2d 852, 856 (Ct. App. 2005) ("The grant or denial of new trial motions rests within the discretion of the trial judge and his decision will not be
disturbed on appeal unless his findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law." (citing Vinson
v. Hartley, 324 S.C. 389, 405, 477 S.E.2d 715, 723 (Ct. App. 1996))); Norton v. Norfolk S. Ry. Co., 350 S.C. 473, 478, 567 S.E.2d 851, 854 (2002)
(stating the thirteenth juror doctrine entitles the trial court to "sit, in essence, as the thirteenth juror when [it] finds 'the evidence does not justify
the verdict,' and then to grant a new trial based solely 'upon the facts,'" and finding the result of the judge's "thirteenth juror" vote
"is a new trial rather than an adjustment to the verdict" (quoting Folkens v. Hunt, 300 S.C. 251, 254, 387 S.E.2d 265, 267 (1990))); Bailey
v. Peacock, 318 S.C. 13, 15, 455 S.E.2d 690, 692 (1995) ("The 'thirteenth juror' doctrine is not used when the trial judge has found the verdict was
inadequate or unduly liberal and, therefore, is not a vehicle to grant a new trial nisi additur."). 
2.  As to whether the trial court erred in declining to order a new trial nisi additur:  Green v. Fritz, 356 S.C. 566, 570,
590 S.E.2d 39, 41 (Ct. App. 2003) (holding the trial court may grant a new trial nisi additur if it finds the amount of the verdict to
be merely inadequate; however, while "the granting of such a motion rests within the sound discretion of the trial court," the trial court must
nonetheless afford substantial deference to the jury's determination of damages and therefore "must offer compelling reasons for invading the jury's
province by granting a motion for additur"); Proctor v. Dep't of Health & Envtl. Control, 368 S.C. 279, 320, 628 S.E.2d 496,
518 (Ct. App. 2006) ("Great deference is given to the trial judge who heard the evidence and is more familiar with the evidentiary atmosphere at
trial, and who thus possesses a better-informed view of the damages than this Court." (citations and quotation marks omitted)); Luchok v. Vena, 391
S.C. 262, ___, 705 S.E.2d 71, 72 (Ct. App. 2010) ("The requirement [that a trial court offer compelling reasons for ordering a new trial nisi] is
imposed to balance the wide discretion given to a trial judge in ruling on a new trial motion with the substantial deference courts must give to a jury's
determination of damages."); Terwilliger v. Marion, 222 S.C. 185, 188, 72 S.E.2d 165, 166 (1952) (recognizing uncontradicted testimony may still be
disputed and noting that, in considering such testimony, the jury evaluates probability of the testimony, the credibility of the witness, and the witness's
interests in the outcome of the litigation (citing Green v. Greenville Cnty., 176 S.C. 433, 439, 180 S.E. 471, 473 (1935))). 
AFFIRMED. 
FEW, C.J., KONDUROS, J., and CURETON, A.J., concur. 

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.