**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Kathy Beason, Respondent,

v.

Chatone Lowden, Appellant.

Appellate Case No. 2012-205827

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

Unpublished Opinion No. 2015-UP-131
Heard December 8, 2014 – Filed March 11, 2015

**AFFIRMED**

John Austin Hood, of Clawson & Staubes, LLC, of Columbia, for Appellant.

Daniel W. Luginbill, of Wilson & Luginbill, LLC, of Bamberg, and Clyde C. Dean, Jr., of Orangeburg, for Respondent.

**PER CURIAM:** In this action for negligence, Chatone Lowden appeals the trial court's order granting Kathy Beason's motion for a new trial *nisi* additur, arguing the trial court abused its discretion by increasing the jury's verdict from $17,000 to

$80,000 without articulating compelling reasons for invading the jury's province in determining damages.  We affirm.

The car Lowden was driving rear-ended the car Beason was driving in Orangeburg, South Carolina.  Approximately three months later, Dr. Matthew Nelson, an orthopedic surgeon, performed arthroscopic surgery on Beason's left shoulder, during which he discovered Beason suffered from a labral tear and found several parts of the shoulder contained inflamed tissue.  Between the accident and her surgery, Beason continued to work as a route driver for Atlas Foods, for whom she stocked vending machines and set up coffee machines two days after the accident, a job she admitted was physical.

The case was tried before a jury on March 2, 2011.  Lowden admitted fault but denied any damages suffered were causally related.  Dr. Nelson testified the injuries he discovered were consistent with a rear-end collision, and he believed "to a reasonable degree of medical certainty" they were caused by the accident.  He also testified nothing he was aware of indicated any other cause.

On cross-examination, Dr. Nelson admitted Beason's MRI also showed osteoarthritis of the acromioclavicular joint, a degenerative condition that develops over time and would not have been caused by the accident, but did state the majority of people over fifty years old suffer from asymptomatic arthritis, especially if they use their hands to work.  Dr. Nelson conceded the procedures could be conducted on people who are simply suffering from osteoarthritis and had not been involved in an automobile collision.  However, he testified what he observed during the surgery on Beason's shoulder could occur "from dormant arthritis with a superimposed injury" and usually labral tears are caused by a trauma and not overuse.  Dr. Nelson also admitted Beason's shoulder pain could have been caused by the nature of her job.  However, he would have expected complaints of pain in both of her shoulders, and his opinion of the cause of the injury did not change after discovering Beason's job duties or that she continued to work following the accident.

During jury deliberations, loud, angry, and aggressive male voices were heard coming from the jury room.  The jury initially reached a verdict in less than two hours, but the foreperson indicated she had not taken part in the decision and refused to sign the verdict form.  The trial court ordered the jury to continue deliberating, during which angry male voices were again heard.  Shortly thereafter, the jury unanimously returned with a plaintiff's verdict for $17,000.

Beason moved for new trial *nisi* additur for a total verdict of $80,000, which comprised the economic damages of $38,245.21 in medical expenses, approximately $2,700 in lost wages, and a one-to-one ratio for noneconomic pain and suffering damages of approximately $39,000. The court granted her motion, finding the verdict was "significantly insufficient and inadequate to compensate [Beason] for the injuries which the evidence established."

In reviewing the trial court's ruling on a motion for additur, the appellate court must determine whether the court acted within its discretion. *Ligon v. Norris*, 371 S.C. 625, 635, 640 S.E.2d 467, 472 (Ct. App. 2006). "The trial court has the power to grant a new trial *nisi additur* when it finds the amount of the verdict to be merely inadequate." *Id.* "The consideration of a motion for a new trial *nisi additur* requires the court to consider the adequacy of the verdict in light of the evidence presented." *Id.* However, the trial court must give substantial deference to the jury's determination of damages and state compelling reasons for granting additur. *Todd v. Joyner*, 385 S.C. 509, 517, 685 S.E.2d 613, 618 (Ct. App. 2008). The "appellate court will only reverse if the trial court abused his discretion in deciding a motion for new trial *nisi additur* to the extent that an error of law results." *Id.*

We find the trial court provided compelling reasons for granting additur. In the order granting Beason's motion for a new trial *nisi* additur, the trial court stated its reasons for granting the motion were (1) "[t]he manner of the jury deliberations was troublesome to this Court[]" and (2) "the verdict is significantly insufficient and inadequate to compensate [Beason] for the injuries which the evidence established." These two reasons combined to "lead[] [the trial court] to the conclusion that [the] jury's verdict is simply not reasonable, in light of the evidence presented." The trial court found the jury's verdict did not "bear[] [any] logical relationship to the evidence submitted at trial" and found a reasonable verdict to be $80,000. The trial court noted in its order that Dr. Nelson testified the wreck was more likely than not the cause of her injuries and his treatment was medically necessary and appropriate. Further, the trial court stated Lowden presented no medical evidence to contradict Dr. Nelson's testimony.

In *Green v. Fritz*, this court reversed the trial court, concluding it had abused its discretion in granting the motion for additur without articulating compelling reasons for invading the province of the jury in determining damages. 356 S.C. 566, 571, 590 S.E.2d 39, 42 (Ct. App. 2003). The plaintiff in *Green* brought suit for injuries suffered during an automobile accident, claiming nearly $3,000 in economic damages as well as noneconomic damages. *Id.* at 568-69, 590 S.E.2d at

40-41. The defendant admitted fault but argued the accident did not proximately cause the plaintiff's injuries. *Id.* at 569, 590 S.E.2d at 41. The jury awarded the plaintiff $1,500 in actual damages, but the trial court granted additur and increased the verdict to $14,000. *Id.* The trial court's order only listed the plaintiff's claimed damages and noted its authority to increase or decrease a verdict. *Id.* In reversing the grant of additur, this court held the trial court did not provide compelling reasons for granting additur because when "the evidence of damages is disputed, the mere listing of [the plaintiff]'s claimed damages . . . does not constitute compelling reasons for invading the jury's province." *Id.* at 571, 590 S.E.2d at 41.

In *Luchok v. Vena*, this court again reversed the trial court's granting of additur for lack of compelling reasons. 391 S.C. 262, 263, 705 S.E.2d 71, 72 (Ct. App. 2010). The plaintiff was involved in a car accident and claimed over $10,000 in medical bills, of which $9,100 related to chiropractic treatment. *Id.* The defendant admitted fault but argued the plaintiff did not prove the accident proximately caused her injuries or the chiropractic treatments were reasonable and necessary. *Id.* at 264, 705 S.E.2d at 72. The jury returned a verdict for $3,024, and the trial court granted additur because "the amount awarded does not approach the amount of the medical costs reasonably and necessarily incurred by the Plaintiff." *Id.* at 263-64, 705 S.E.2d at 72. In holding the trial court's reasons for granting additur were not compelling, this court noted "[t]he amount of recoverable damages was hotly contested" at trial. *Id.* at 263-65, 705 S.E.2d at 72-73. We found the trial court's first reason—"the verdict did not cover all the chiropractic bills"—was not compelling "[i]n the face of the sharply conflicting evidence." *Id.* at 265, 705 S.E.2d at 73. We also found the trial court's second reason—the charges for chiropractic treatment were reasonable and necessary—was not compelling because the trial court "is not entitled to make that determination as a matter of law when the evidence is conflicting." *Id.*

Unlike in *Green* and *Luchok*, however, the trial court here did not merely list Beason's claimed damages or conclude as a matter of law the medical expenses were reasonable and necessary. Instead, the trial court noted specific reasons for increasing the verdict. For example, the trial court pointed to the fact Beason presented evidence of medical expenses of over $38,000, including costs for her surgery, and Dr. Nelson testified her injuries were more likely than not caused by the accident and his treatment was medically necessary. Whereas in *Luchok*, only the plaintiff testified concerning the need for treatment, and in fact was the only witness in her case-in-chief, but presented no medical testimony, and one of the trial court's reasons for increasing the verdict was her testimony. *Luchok*, 391 S.C.

at 263-65, 705 S.E.2d at 72.  Furthermore, the trial court here noted Lowden presented no medical evidence to contradict Dr. Nelson's opinion.  Finally, the trial court concluded the $17,000 verdict did not bear any logical relationship to the evidence presented.  *See Ligon*, 371 S.C. at 635, 640 S.E.2d at 472 (noting the trial court is required to consider the adequacy of the verdict in light of the evidence presented when ruling on a motion for additur).

We find the trial court articulated compelling reasons for granting additur and therefore did not abuse its discretion.  Accordingly, the trial court is

**AFFIRMED.**

**HUFF, SHORT, AND KONDUROS, JJ., concur.**