**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Vante R. Birch, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-206672

---

**ON WRIT OF CERTIORARI**

---

Appeal From Charleston County
R. Markley Dennis, Jr., Trial Court Judge
Kristi Lea Harrington, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2015-UP-346
Submitted February 1, 2015 – Filed July 15, 2015

---

**AFFIRMED**

---

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ashleigh Rayanna Wilson, of Columbia, for Respondent.

**PER CURIAM:**  Vante Birch was convicted of armed robbery.  He appeals from the denial and dismissal of his application for post-conviction relief (PCR), arguing his trial counsel was ineffective in failing to object under Rule 613(b), SCRE, to the admission of a co-defendant's prior inconsistent statement.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Ard v. Catoe*, 372 S.C. 318, 331, 642 S.E.2d 590, 596 (2007) (stating an appellate court will uphold the factual findings of a PCR court if there is any evidence of probative value to support them); Rule 613(b), SCRE ("If a witness does not admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible."); *State v. Copeland*, 278 S.C. 572, 581, 300 S.E.2d 63, 69 (1982) (allowing testimony of prior inconsistent statements to be used as substantive evidence when the declarant testifies at trial and is subject to cross-examination); *State v. Blalock*, 357 S.C. 74, 80, 591 S.E.2d 632, 635 (Ct. App. 2003) ("In determining whether a witness has admitted making a prior inconsistent statement and thereby obviated the need for extrinsic proof, the courts of our state and other jurisdictions have held that the witness must admit making the prior statement unequivocally and without qualification."); *id.* at 80, 591 S.E.2d at 636 ("Generally, where the witness has responded with anything less than an unequivocal admission, trial courts have been granted wide latitude to allow extrinsic evidence proving the statement."); *State v. Carmack*, 388 S.C. 190, 201-02, 694 S.E.2d 224, 230 (Ct. App. 2010) (finding the witness "did not unequivocally admit making a prior inconsistent statement" when he testified the statement was accurate but indicated details were missing from it); *In re Richard D.*, 388 S.C. 95, 97-100, 693 S.E.2d 447, 448-50 (Ct. App. 2010) (finding witness's prior statement that another person was involved in crime was admissible as substantive evidence when witness testified the same person was not involved).

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.