**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Ron Orlosky in his capacity as Personal Representative
of The Estate of Debora L. Orlosky, and in his capacity
as trustee of the Debora Laura Orlosky Revocable Trust,
Respondent,

v.

The Law Office of Jay A. Mullinax, LLC, Appellant.

Appellate Case No. 2012-212331

Appeal From Beaufort County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-376
Heard December 8, 2014 – Filed July 29, 2015

**AFFIRMED**

Jay Anthony Mullinax, of Law Office of Jay A.
Mullinax, LLC, of Hilton Head Island, for Appellant.

John R.C. Bowen, of Laughlin & Bowen, PC, of Hilton
Head Island, and Stephen A. Spitz, of Charleston, for
Respondent.

**PER CURIAM:** The Law Office of Jay Mullinax (Mullinax) appeals a jury verdict in favor of client Ron Orlosky, in his capacity as Personal Representative of the Estate of Debora L. Orlosky and in his capacity as trustee of the Debora Laura Orlosky Revocable Trust, on Orlosky's breach of contract claim and Mullinax's counterclaim.

1. We find the trial court did not err when it denied Mullinax's motion for a directed verdict on equitable estoppel. *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 589, 553 S.E.2d 110, 114 (2001) (listing the elements of equitable estoppel as to the party being estopped as: (1) conduct by the estoped party amounting to a false representation or a concealment of material facts; (2) an intention that such conduct be acted upon by the other party; and (3) actual or constructive knowledge of the true facts); *id.* (listing the elements for the party asserting the estoppel as: (1) a lack of knowledge and of a means of knowing the truth as to the facts in question; (2) a reliance upon the conduct of the estoped party; and (3) a prejudicial change in position); *Janasik v. Fairway Oaks Villas Horizontal Prop. Regime*, 307 S.C. 339, 344, 415 S.E.2d 384, 387 (1992) ("Prejudice to the other party is an essential element of equitable estoppel."); *Blue Ridge Realty Co. v. Williamson*, 247 S.C. 112, 122, 145 S.E.2d 922, 927 (1965) (stating the party asserting estoppel bears the burden of proof). The Manor Development Company Shareholder's Agreement, which Orlosky provided to Mullinax, clearly contained a provision setting forth the formula for calculating the sales price of the shares. In addition, in its brief Mullinax claims it was enticed into entering into the contract to provide legal services (Contract) by the representation by Orlosky and his wife Debora Orlosky (Wife) during their estate planning that Wife's estate was valued at approximately $4.4 million. However, the record shows when Mullinax began its representation of the estate, it valued the estate at $3 million and did not value it at $4.4 million until the December 11, 2009 bill when it demanded additional fees based on the increased valuation. Thus, the record contains evidence Mullinax had knowledge of a lower valuation of the stock and did not rely on a higher valuation of the estate in entering into the Contract to represent the estate.

2. We find no merit to Mullinax's argument the trial court erred when it allowed Orlosky to testify extensively about alleged communications with Wife that impacted his interest in alleged violation of the Dead Man's Statute as this testimony was offered by Orlosky, the personal representative, on behalf of the estate. *See* S.C. Code Ann. § 19-11-20 (2014) ("[N]o party to an action or proceeding . . . shall be examined in regard to any transaction or communication

between such witness and a person at the time of such examination deceased, insane or lunatic as a witness *against a party then prosecuting or defending the action as executor . . .* when such examination or any judgment or determination in such action or proceeding can in any manner affect the interest of such witness or the interest previously owned or represented by him. . . ." (emphasis added)); *Kelly v. Peeples*, 294 S.C. 63, 65-66, 362 S.E.2d 636, 638 (1987) (stating testimony falls within the Dead Man's Statute when it (1) deals with a transaction or communication between an appellant and the deceased; (2) is against a party prosecuting or defending the action as executor, heir-at-law, legatee, devisee, or survivor of such deceased person; and (3) affects a present interest of the opposing party).

3. We find Mullinax did not preserve its argument concerning error in the trial court's jury charges. Mullinax never raised the arguments it makes on appeal to the trial court either before or after it charged the jury, and the record does not contain any proposed charges from Mullinax. *See* Rule 51, SCRCP ("No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds for his objection."); *Creech v. S.C. Wildlife & Marine Res. Dep't*, 328 S.C. 24, 36, 491 S.E.2d 571, 577 (1997) (concluding complaint about a jury charge was not preserved for appellate review when the appellant failed to raise the issue at trial); *Wells v. Halyard*, 341 S.C. 234, 240, 533 S.E.2d 341, 344 (Ct. App. 2000) (stating the appellate court will not review the failure to give a requested jury charge where the request to charge does not appear on the record); *Solley v. Navy Fed. Credit Union, Inc.*, 397 S.C. 192, 213, 723 S.E.2d 597, 608 (Ct. App. 2012) ("The record must show that the issue was raised in the trial court."); *Harkins v. Greenville Cnty.*, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000) (stating the appellant has the burden of providing an adequate record on appeal).

4. We find Mullinax's argument it was entitled to damages for its claim for quantum meruit is not properly before this court as the issue was not submitted to the jury. *See* Rule 51, SCRCP ("No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds for his objection."); *Creech*, 328 S.C. at 36, 491 S.E.2d at 577 (concluding complaint about a jury charge was not preserved for appellate review when the appellant failed to raise the issue at trial); *Wells*, 341 S.C. at 240, 533 S.E.2d at 344 (stating the appellate court will not review the failure to give a requested jury

charge where the request to charge does not appear on the record); *Solley*, 397 S.C. at 213, 723 S.E.2d at 608 ("The record must show that the issue was raised in the trial court."); *Harkins*, 340 S.C. at 616, 533 S.E.2d at 891 (stating the appellant has the burden of providing an adequate record on appeal).

5.  We find unpreserved Mullinax's argument the trial court erred when it allowed a breach of contract claim based on the plaintiff's interpretations of the Contract, that if followed, would violate statutory law and public policy.  Mullinax did not raise the issue of a violation of public policy or statutory law when moving for a directed verdict.  Accordingly, it is not preserved.  *See Scoggins v. McClellion*, 321 S.C. 264, 267, 468 S.E.2d 12, 14 (Ct. App. 1996) (holding an issue not raised in a directed verdict motion will not be considered on appeal concerning the denial of the directed verdict); *In re McCracken,* 346 S.C. 87, 93, 551 S.E.2d 235, 238 (2001) (stating only issues raised in a directed verdict motion can properly be raised in a JNOV motion).

6.  Regardless of any alleged errors concerning the valuation of the Manor stock, we find evidence in the record to support the jury's verdict.  *See Cole v. Raut*, 378 S.C. 398, 406-07, 663 S.E.2d 30, 34 (2008) ("Under the two-issue rule, when a jury returns a general verdict in a case involving two or more issues or defenses, and the verdict is supported as to at least one issue or defense that has been presented to the jury free from error, the verdict will not be reversed."); *id.* at 407; 663 S.E.2d at 34 ("The application of the two-issue rule is separate and distinct from a prejudicial error inquiry, and operates to uphold a jury verdict that is sustained by the facts of the case."); *Consignment Sales, LLC v. Tucker Oil Co.*, 391 S.C. 266, 270, 705 S.E.2d 73, 76 (Ct. App. 2010) (stating an action for breach of contract is an action at law); *Weatherford v. Price*, 340 S.C. 572, 578, 532 S.E.2d 310, 313 (Ct. App. 2000) ("An ordinary suit to recover attorney's fees, even one based on an implied contract asserting a quantum meruit measure of recovery, is an action at law."); *Townes Assocs. v. City of Greenville*, 266 S.C. 81, 85, 221 S.E.2d 773, 775 (1976) ("In an action at law, on appeal of a case tried by a jury, the jurisdiction of this Court extends merely to the correction of errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jury's findings."). In addition to disputing the value of the estate, Orlosky contended Mullinax had not completed the work specified in the Contract and therefore was not entitled to the fee amount it sought.  In awarding Orlosky $80,000, the jury allowed Mullinax to retain $20,000 Orlosky had paid.  The attorney Orlosky retained to replace Mullinax testified that he believed Mullinax had done approximately 20 to 25% of

the work necessary to administer the estate.  He stated that if his firm had performed the work Mullinax had performed, it would charge probably $5,000 to $10,000.  He opined the $132,000 Mullinax sought was not a reasonable fee for the work it had performed.  The evidence in the record supports the jury's finding that Mullinax was entitled to $20,000 as a reasonable fee for the work it performed and Orlosky was entitled to the remaining $80,000 he had previously paid Mullinax.

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**