**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Benjamin K. Henderson, Appellant,

v.

Patricia Greer, Respondent.

Appellate Case No. 2015-000409

---

Appeal From Aiken County
R. Knox McMahon, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-431
Submitted September 1, 2016 – Filed October 19, 2016

---

**AFFIRMED**

---

William Franklin Barnes, III, of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Hampton, for Appellant.

Anthony Shane Massey, of Nance, McCants & Massey, of Aiken, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Carson v. CSX Transp., Inc.*, 400 S.C. 221, 241, 734 S.E.2d 148, 158 (2012) ("This [c]ourt recognizes an abuse of discretion standard for reviewing a circuit court's decision to deny a new trial *nisi additur*."); *id.* ("It is within a trial [court's] province to grant a new trial *nisi* if [it] finds the amount of the verdict to

be merely inadequate or excessive."); *id.* at 241, 734 S.E.2d at 159 ("In reviewing the trial court's decision regarding a new trial *nisi*, '[t]his [c]ourt has the duty to review the record and determine whether there has been an abuse of discretion amounting to an error of law.'" (quoting *Bailey v. Peacock*, 318 S.C. 13, 14, 455 S.E.2d 690, 691 (1995))); *O'Neal v. Bowles*, 314 S.C. 525, 527, 431 S.E.2d 555, 556 (1993) ("Therefore, on appeal of the denial of a motion for a new trial *nisi*, this [c]ourt will reverse when the verdict is grossly inadequate or excessive requiring the granting of a new trial absolute.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.